236 P.3d 525 (2010)
Carl WALDER, Executor of the Richard T. Walder Estate, on his behalf and the Heirs of Richard T. Walder, Appellant,
v.
The BOARD OF COMMISSIONERS OF JACKSON COUNTY, Kansas, Appellee.
No. 101,854.
Court of Appeals of Kansas.
July 23, 2010.
*526 William J. Pauzauskie, of Topeka, for appellant.
Wendell F. Cowan, Jr., James D. Oliver, and Matthew Stromberg, of Foulston Siefkin LLP, of Overland Park, for appellee.
Before LEBEN, P.J., GREEN and CAPLINGER, JJ.
LEBEN, J.
Richard Walder died after an accident involving a collapsed culvert on a rural road. His estate sued Jackson County, alleging that the county had been negligent in road inspection and maintenance and that this negligence caused Walder's death. But the county moved for summary judgment, arguing in part that Walder's estate hadn't shown in its expert-testimony summary the cause of the culvert collapse and how the county could have prevented the collapse through better inspections. Thus, the county argued, the estate hadn't proved that the county had been negligent or that its negligence had caused Walder's death.
The estate's expert witness eventually said that he thought the culvert's collapse was caused by a process called pipingessentially soil erosionthat had caused the soil around the culvert to fail and the road to wash out. But the district court struck that testimony because it hadn't been disclosed by the estate in the required expert-witness disclosure. Without that testimony, the estate has no evidence of causation and can't support its negligence claim.
The estate has appealed, arguing that the district court abused its discretion in striking the expert's testimony. But the undisclosed opinion was critical to the estate's case: no claim of negligence may be made without evidence that the negligent conduct caused the injury. The district court did not abuse its discretion by holding that a critical expert opinion must be disclosed as provided for by the applicable statute, K.S.A. 60-226.
That statute frames this appeal, specifically the provision on the timing of the estate's expert-testimony disclosure. K.S.A. 60-226(b)(6)(B) and (C) require that parties disclose each expert opinion "and a summary of the grounds for each opinion" at least 90 days before trial unless otherwise ordered. The statute also provides that a party must supplement a disclosure "if the party learns that in some material respect the information disclosed is incomplete or incorrect," with supplementation of any expert testimony to be made "at least 30 days before trial" unless otherwise ordered. K.S.A. 60-226(e)(1).
Both sections of the statute are in play here. The estate's initial disclosure of its expert's opinion was provided more than 90 days before the scheduled trial date. In it, the expert asserted that adequate inspection procedures would have allowed the county to identify problems with its culvert:
"It is my opinion that Jackson County lacked an adequate culvert inspection program.... It is also my opinion that an adequate culvert inspection program would have identified problems with the culvert near 198 Road and L Road, Jackson County. The identified problems determined through scheduled inspections would have notified the staff that repairs or replacement were [sic] needed, and the washout most likely would have been prevented."
But the estate's expert did not identify any specific problem that caused the washout and that could have been fixed by the county, so the county filed for summary judgment. The county presented an expert's opinion that the culvert wasn't defective and that the road above it simply washed away because of the *527 heavy rain and flooding that had occurred the night before Walder's accident.
The estate filed a supplemental response to the summary-judgment motion that said the county had failed "to keep its county roads safe for travel by any and/or all" of a number of things, but no additional expert-witness disclosure or attached evidence supported that response. The estate's expert was then deposed, and he said for the first time that a process called "piping" had caused the soil around the culvert to fail and the road to wash out. But it was well within 90 days of the scheduled trial date, and the county filed a motion to strike the expert's newly disclosed opinion about the cause of the washout.
The district court granted that motion. The court noted that the expert hadn't included "any opinion ... as to a specific defect in his report" and that the estate hadn't supplemented it before the deposition either. The court said that the county had "a right to rely upon the report as saying the only finding by plaintiff's expert was to the lack of adequate supervision and inspection of the culverts," not about specific soil conditions that had caused the collapse. The court said that the county had been "ambushed" by this new testimony and noted that the trial date was set for shortly after the deposition.
The district court has broad discretion in supervising a lawsuit, including the course of discovery. Accordingly, we reverse its orders only for an abuse of discretion, which occurs when no reasonable person would agree with its ruling. In re Tax Appeal of City of Wichita, 277 Kan. 487, 513, 86 P.3d 513 (2004); Foster v. Klaumann, 42 Kan.App.2d 634, 678-79, 216 P.3d 671 (2009). We cannot find an abuse of discretion in the district court's ruling here.
Without an expert opinion about what caused the culvert's collapse, the estate doesn't have a case. Any negligence-based claim requires causation evidence, i.e., evidence that an act or omission by the defendant led to the plaintiff's injury. Deal v. Bowman, 286 Kan. 853, 859, 188 P.3d 941 (2008). In this case, given the heavy rain that might have caused a washout even without negligence by the county, it's not sufficient for the estate to claim that some unknown factor existed that presumably the county could have found through better inspections and that then presumably could have been fixed had the county found it. Instead, the estate neededas it eventually recognizedsome evidence about what specifically had been missed when the county failed to regularly inspect its culverts. Thus, the expert's opinion about piping as the cause of the washout was central to the estate's legal claim.
An expert opinion central to a party's claim must be disclosed at least 90 days before trial in the expert disclosures required under K.S.A. 60-226(b)(6). Supplementation may occur later and is intended for changes due to newly discovered evidence or material inadvertently left out, not for the initial disclosure of an opinion on the central issue of the lawsuit. As one treatise on a similar federal rule notes, "A party may not use a supplemental report to disclose information that should have been disclosed in the initial expert report, thereby circumventing the requirement for a timely and complete expert witness report." 6 Moore's Federal Practice § 26.131[2] (3d ed.2010).
As a federal appellate court noted in Macaulay v. Anas, 321 F.3d 45, 51 (1st Cir. 2003), "trial judges must work a complicated equation, balancing fairness to the parties with the need to manage crowded dockets," and trial judges are generally in a better position to assess the situation. Thus, "the question on appeal is not whether we would have imposed the same sanction. Rather, the question is whether the district court's action was so wide of the mark as to constitute an abuse of discretion." 321 F.3d at 51.
Many courts have refused to allow the late disclosure of an expert's opinion when the initial time for such disclosures had passed, even though the time limit for supplementation had not yet expired or the trial had not yet begun. E.g., Macaulay, 321 F.3d at 50-53; Schweizer v. DEKALB Swine Breeders, Inc., 954 F.Supp. 1495, 1509-11 (D.Kan.1997); McGuire v. Wesley Rehab. Hosp., 2009 WL 454941, at *2-4 *528 (Kan.App.) (unpublished opinion), rev. denied 289 Kan. 1279 (2009); see also 6 Moore's Federal Practice § 26.131[2] (citing cases). Accordingly, the estate faces a difficult task to convince us that no reasonable person would have agreed with the district court's decision to strike the opinion testimony of the estate's expert that had not been timely disclosed. We have examined the record in this case, and we find no abuse of discretion here. Based on the pretrial questionnaire's references to "substantial deterioration of the culvert soil," the district court concluded that the estate's attorney apparently "knew of a different opinion held by his expert" that hadn't been disclosed. The district court also noted that the expert testified that he had not placed an opinion about piping of the soil into his report because he had not been asked to state such an opinion there. Whether the lack of disclosure was due to inadvertence or intent, the district court concluded that the county was nonetheless unfairly surprised. The district court's conclusions are supported by the record. In addition, the estate never offered any justification for the late disclosure. See Macaulay, 321 F.3d at 51-52.
The district court also concluded that the county was immune from suit under the discretionary-function exception to the Kansas Tort Claims Act, K.S.A.2009 Supp. 75-6104(e). Because the lack of causation evidence is dispositive of the estate's claim, we do not address the district court's separate conclusion regarding the Kansas Tort Claims Act.
Without the excluded testimony from its expert, the estate failed to show that the culvert was defective, that inspections would have found the defect, or that the county could have fixed the defect and prevented the accident. A plaintiff must show more than a mere possibility of causation to prevail. Yount v. Deibert, 282 Kan. 619, 628, 147 P.3d 1065 (2006). The judgment of the district court is therefore affirmed.