(244 P.3d 1281)
No. 103,340

EUGENE WAYNE SNIDER, d/b/a WEST HEATING & COOLING, *Appellant*, v. AMERICAN FAMILY MUTUAL INSURANCE CO., *Appellee*.

Opinion filed January 7, 2011.

*James E. Kiley, Jr.*, The Kiley Law Firm, LLC, of Overland Park, for appellant.

*Matthew W. Geary*, of Dysart Taylor Lay Cotter & McMonigle, P.C., of Kansas City, Missouri, for appellee.

Before PIERRON, P.J., GREEN and MARQUARDT, JJ.

GREEN, J.: Eugene Wayne Snider, d/b/a West Heating & Cooling, (Snider) appeals from the trial court's judgment awarding Snider $5,000 in attorney fees in its lawsuit against American Family Mutual Insurance, Co. (American Family). Snider argues that the trial court abused its discretion in awarding attorney fees. We agree. The trial court in this case failed to adequately consider the factors under Supreme Court Rule 1.5(a) (2010 Kan. Ct. R. Annot. 458) and instead entered an award of attorney fees in the exact amount of Snider's recovery under the policy. Moreover, it is apparent that the trial court improperly included appellate attorney fees in its judgment. Because the trial court went outside of the legal framework for awarding attorney fees, we find an abuse of discretion in the trial court's judgment. After reviewing the record in this case and Snider's attorney's billing statements, in light of the factors under Rule 1.5(a), we determine that Snider is to be awarded $19,500 in attorney fees plus $155 in costs. Accordingly, we reverse and remand with instructions for the trial court to enter a judgment awarding Snider $19,655 in attorney fees and costs.

Snider held a Business Key Policy of insurance through American Family that contained inland marine coverage for "contractor's equipment." After 12 air conditioning condensers, tools, and equipment were stolen from Snider's residential storage facility in Kansas City, Kansas, Snider made a claim to American Family for insurance coverage for those items under the policy. American Family determined that the 12 air conditioning condensers were

not items covered by his insurance policy and denied Snider's claim for the air conditioning condensers. *Snider v. American Family Mut. Ins. Co.*, case No. 101,202, unpublished opinion filed September 4, 2009, slip op. at 3-4.

Snider sued American Family alleging that there was coverage under his insurance policy. Snider asked for a judgment against American Family for $5,000 plus interest, attorney fees, and costs. Both Snider and American Family filed cross-motions for summary judgment. American Family argued that there was no coverage for Snider's air conditioning condensers because they were not "contractor's equipment" as defined in the insurance policy. Slip op. at 4-5.

The trial court determined that the explicit terms of Snider's insurance contract with American Family did not provide coverage for theft and, therefore, Snider was not entitled to compensation for the theft of the air conditioning condensers. As a result, the trial court granted summary judgment to American Family. American Family moved for reconsideration of the trial court's decision. American Family admitted that Snider's insurance policy provided insurance coverage for theft but argued that the policy did not cover the condenser units under the terms and definitions of the policy contract. The appellate record, however, fails to include any ruling on American Family's motion for reconsideration. Slip op. at 5-7.

Snider appealed the trial court's ruling to this court and argued that the trial court erred in granting summary judgment to American Family for two reasons: (1) because theft was a covered peril under the policy; and (2) because the air conditioning condensers came within the definition of "contractors' equipment" under the policy. This court agreed with both of Snider's arguments and reversed the trial court's decision. This court remanded the case with directions to enter summary judgment in favor of Snider. In addition, this court agreed with Snider's argument that he was entitled to attorney fees under K.S.A. 40-908 and remanded the case for a determination of attorney fees to be awarded to Snider under K.S.A. 40-908. Slip op. at 15.

On remand, the trial court held a hearing on the issue of attorney fees. At the hearing, Snider's attorney submitted an itemized list of attorney fees and expenses totaling $43,599.55. The attorney fees were charged at a rate of $225 per hour for services rendered by Snider's actual attorney and $150 per hour for services rendered by an associate.

American Family's attorney argued that $43,599.55 was very excessive for "a fairly simple first party insurance case where the only dispute is as a matter of law" and where the insurance policy limit was only $5,000. American Family's attorney pointed out that there were no depositions taken and no experts in the case and that the matter was decided on cross-motions for summary judgment. American Family's attorney further pointed out that the issues briefed in the summary judgment motions were the same issues that were briefed on appeal.

On the other hand, Snider's attorney argued that $43,599.55 in attorney fees and expenses was not unreasonable based upon the amount of time he spent on the issues in this case and in responding to motions, filing his own motions, and appealing the case to this court.

At the conclusion of the hearing, the trial judge asked American Family's attorney what he thought would be a reasonable award of attorney fees. American Family's attorney responded that he thought "anything beyond probably $10,000 would be a little bit excessive in this case just for the amount of time and work that was involved." The trial judge reserved ruling on the issue of attorney fees until after he had an opportunity to review the documentation submitted by Snider.

In a written journal entry, the trial court awarded attorney fees to Snider in the amount of $5,000.

On appeal, Snider contends that the trial court abused its discretion in awarding him only $5,000 in attorney fees in this case. Snider asks this court to review the record in this case and determine the amount of reasonable attorney fees to be awarded.

*Standards of Review*

Where the trial court has the authority to grant attorney fees, its decision is reviewed under the abuse of discretion standard. *Estate*

*of Kirkpatrick v. City of Olathe,* 289 Kan. 554, 572, 215 P.3d 561 (2009). The trial court is vested with wide discretion to determine the amount and the recipient of an award of attorney fees. When reviewing an award of attorney fees, an appellate court does not reweigh the testimony or the evidence presented or reassess the credibility of witnesses. An award of attorney fees will not be set aside on appeal when supported by substantial competent evidence. *In re Marriage of Burton,* 29 Kan. App. 2d 449, 454, 28 P.3d 427, *rev. denied* 272 Kan. 1418 (2001).

The trial court itself is an expert in the area of attorney fees and can draw on and apply its own knowledge and expertise in determining their value. An appellate court is also an expert on the reasonableness of attorney fees. Nevertheless, an appellate court does not substitute its judgment for that of the trial court on the amount of the attorney fee award unless in the interest of justice an appellate court disagrees with the trial court. *Johnson v. Westhoff Sand Co.,* 281 Kan. 930, 940, 135 P.3d 1127 (2006). "Fees which are not supported by 'meticulous, contemporaneous time records' " identifying the specific tasks being billed should not be awarded. *Davis v. Miller,* 269 Kan. 732, 748, 7 P.3d 1223 (2000).

In deciding the reasonableness of an attorney fee, the following eight factors set forth in Rule 1.5(a) (2010 Kan. Ct. R. Annot. 458) of the Kansas Rules of Professional Conduct should be considered:

"(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

"(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

"(3) the fee customarily charged in the locality for similar legal services;

"(4) the amount involved and the results obtained;

"(5) the time limitations imposed by the client or by the circumstances;

"(6) the nature and length of the professional relationship with the client;

"(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

"(8) whether the fee is fixed or contingent."

Our Supreme Court has urged consideration of these factors in determining the reasonableness of attorney fees. See *Davis,* 269 Kan. at 751.

## Trial Court's Award of Attorney Fees

In awarding $5,000 in attorney fees to Snider, the trial court stated as follows:

"The Court heard arguments of counsel and has reviewed documentation of fees provided by Mr. Kiley. That documentation shows that he billed at a rate of $225.00 per hour since initial involvement in this case in 2006. The total request for fees is approximately $44,000.00 to handle a case in which the amount in controversy was approximately $5,000.00. Approximately $22,000.00 is billed for the period through this court's ruling. An additional $22,000 is requested to process the Appeal of that decision.

"Pursuant to K.S.A. 40-908, Mr. Kiley is entitled to be awarded reasonable attorney fees. The amount of the award is within the sound discretion of the Trial Court (*Weinrich v. Employers Mutual Ins.*, 35 K.A. 2d 582).

"Given the nature of the underlying action, the time usually required to handle such an action and the nature of the issues involved, this Court finds that Plaintiff's request is unreasonable on its face, especially requesting $22,000.00 to file and process an appeal.

"It is therefore ORDERED, ADJUDGED, and DECREED that American Family Mutual Insurance Company pay Mr. James E. Kiley, Jr. attorney fees in the amount of $5,000."

## Snider's Argument

Snider contends that the small amount of attorney fees awarded by the trial court in this case would be punitive against Snider and his attorney and would grant insurance companies full discretionary power to deny modest insurance claims without the fear of being held accountable for the attorney fees incurred by the insured. Moreover, in arguing that the attorney fee award in this case constituted an abuse of discretion on its face, Snider maintains that the trial court's one-page journal entry provides woefully insufficient detail and constitutes an improper "eyeballing" technique of calculating reasonable attorney fees.

As Snider points out, the trial court's decision does not demonstrate that it adequately considered the eight factors under Rule 1.5(a) in determining the reasonableness of attorney fees to be awarded to Snider. Aside from the trial court's conclusory statement, "[g]iven the nature of the underlying action, the time usually required to handle such an action and the nature of the issues involved, this Court finds that Plaintiff's request is unreasonable

on its face," there is nothing in the journal entry indicating that the trial court applied the Rule 1.5(a) factors to the facts of this case to come up with the $5,000 award of attorney fees. Instead, it is apparent that the trial court limited Snider's award of attorney fees to the amount that he was able to recover under his policy.

American Family cites this court's decision in *State ex rel. SRS v. Cleland*, 42 Kan. App. 2d 482, 496-97, 213 P.3d 1091 (2009), for its proposition that there is no requirement that the trial court expressly go through the factors in Rule 1.5(a). In *Cleland*, however, the trial court made specific findings about the petitioner's repeated efforts to attempt to collect child support from the defendant and the involvement by the petitioner's attorney in the case in awarding the petitioner $1,000 in attorney fees. Although the trial court did not specifically mention the factors in Rule 1.5(a), the trial court's findings allowed this court to adequately review the trial court's decision as to what would be reasonable attorney fees in the case.

Unlike *Cleland*, the trial court in the present case did not make any specific findings as to how it came up with the $5,000 attorney fee award. As we will discuss later, Snider's attorney spent a substantial amount of time in pursuing Snider's claim against American Family and eventually obtaining a favorable judgment, forcing American Family to pay Snider's claim. Nevertheless, the trial court in this case apparently disregarded the time spent by Snider's attorney in attempting to seek coverage for Snider's claim, in filing suit against American Family, and in responding to numerous motions and requests at the trial court level. Instead, the trial court awarded attorney fees in the exact amount of the $5,000 award of recovery in the underlying action. There is not substantial competent evidence in the record to support the $5,000 attorney fee award. While "the amount involved and the results obtained" is one of the factors to be considered under Rule 1.5(a), it should not form the sole basis for the award.

In holding that the purpose of K.S.A. 40-908 is to allow a fair and reasonable compensation to an insured's attorney who has successfully sued on the insurance policy, our Supreme Court has stated:

"The purpose of K.S.A. 40-908 is not to penalize an insurance company for making what it deems to be a bona fide defense to an action to recover on an insurance policy, but to permit the allowance of a fair and reasonable compensation to the assured's attorney in the event, after having been compelled to sue on the policy, he or she is successful in that effort." *Hamilton v. State Farm Fire and Cas. Co.*, 263 Kan. 875, Syl. ¶ 2, 953 P.2d 1027 (1998).

In this case, where the trial court awarded attorney fees in the exact amount of the insurance recovery in the underlying case and where the trial court's journal entry failed to demonstrate that the trial court considered the factors under Rule 1.5(a) as applied to the facts of Snider's case, we determine that the trial court did not award a fair and reasonable amount of attorney fees to Snider. Our Supreme Court has stated that "[a]n abuse of discretion may be found if a district judge's decision goes outside the framework of or fails to properly consider statutory limitations or legal standards. [Citations omitted.]" *State v. Green*, 283 Kan. 531, 545, 153 P.3d 1216 (2007). We find that the trial court's journal entry fails to show that the trial court properly considered the legal standards under Rule 1.5(a) in awarding attorney fees and, therefore, the trial court's award of $5,000 in attorney fees constituted an abuse of discretion.

Further, based on the analysis later in this case, it is apparent that the trial court erroneously considered and included appellate attorney fees in its attorney fee award. Because the trial court did not have the authority to award appellate attorney fees, the trial court's decision went outside of the proper legal framework for awarding attorney fees and constituted an abuse of discretion.

*Evidence Considered in Awarding Attorney Fees*

American Family argues, however, that Snider is limited to the amount of attorney fees awarded by the trial court because Snider failed to introduce any evidence at the hearing on attorney fees.

To support its argument on this issue, American Family cites *Thomas v. Kansas City Southern Rly. Co.*, 197 Kan. 747, 754, 421 P.2d 51 (1966), where our Supreme Court stated as follows:

"[W]here no evidence of the extent and worth of the attorney's services is presented, it has been said the fee would have to be limited to the fair value of the services performed by the attorney-they being matters of which the trial court is

apprised without formal evidence; for example, the attorney's services are disclosed by the files in the case, the briefs, if any, and what preparation had been made for trying the case, as manifested to the court by the way the attorney did in fact try it. [Citation omitted.]"

Thus, when there has been no evidence presented of the extent and worth of the attorney's services, the trial court looks to the files, briefs, and record in the case to determine an award of attorney fees.

American Family suggests that because Snider failed to establish a proper foundation for his billing statements and never formally offered those statements into evidence, those statements are not properly before this court and should not be considered. Nevertheless, the record in this case demonstrates that Snider presented his billing statements to the trial court at the hearing on attorney fees, that the trial court reserved ruling on the issue of attorney fees until it had time to review the statements, and that the trial court did in fact consider the billing statements in awarding attorney fees to Snider. In fact, the billing statements, which detailed the amount of time spent on various aspects of the case and the hourly rate that was charged, are attached to the trial court's journal entry of judgment awarding Snider attorney fees. As a result, the trial court approved of the billing statements' introduction at the hearing, despite the fact that no formal offer of proof was ever made.

American Family has pointed to nothing in the appellate record indicating its objection to Snider's attorney's billing statements. When Snider's attorney presented his billing statements to the trial court, American Family never objected to the statements based on lack of foundation. Moreover, when the trial court reserved ruling on the issue of attorney fees until it had a chance to review the billing statements, American Family did not object to the trial court considering those statements. By not objecting to the billing statements at the trial court level, American Family has failed to preserve its argument for appeal. See *In re Care & Treatment of Miller*, 289 Kan. 218, 224-25, 210 P.3d 625 (2009) (Issues not raised before the trial court cannot be raised on appeal.). See also *State v. King*, 288 Kan. 333, 349, 204 P.3d 585 (2009) (Evidentiary claims

must be preserved by a contemporaneous objection for those claims to be reviewed on appeal.).

Under such circumstances, American Family's failure to object to the billing statements, the trial court's consideration of the billing statements, and the attachment of the billing statements to the trial court's journal entry bars American Family from successfully arguing that the billing statements were not formally introduced into evidence. See *State v. Oswald*, 197 Kan. 251, 255, 417 P.2d 261 (1966) (holding that when an exhibit has been before the court and jury, subject to the inspection for all purposes of the trial, the objection that the exhibit has not been formally introduced into evidence cannot prevail on appeal).

*Attorney Fees for First Appeal*

American Family further argues that Snider is not entitled to attorney fees on appeal because Snider failed to comply with Supreme Court Rule 7.07(b) (2010 Kan. Ct. R. Annot. 62).

Supreme Court Rule 7.07(b) provides as follows:

"ATTORNEY FEES. Appellate courts may award attorney fees for services on appeal in any case in which the trial court had authority to award attorney fees.

"Any subsection (b) motion for attorney fees on appeal shall be made pursuant to Rule 5.01.

"An affidavit shall be attached to the motion specifying: (1) the nature and extent of the services rendered; (2) the time expended on the appeal; and (3) the factors considered in determining the reasonableness of the fee. (See KPRC 1.5 Fees.)

"The motion shall be filed with the clerk of the appellate courts no later than fifteen (15) days after oral argument. If oral argument is waived, the motion shall be filed no later than fifteen (15) days after either the day of argument waiver or the date of the letter assigning the case to a non-argument calendar, whichever is later."

In regard to Snider's first appeal, American Family is correct that Snider did not move for attorney fees in compliance with Rule 7.07(b). There was no motion filed with the clerk of the appellate courts requesting attorney fees, and Snider's attorney did not submit an affidavit specifying the nature and extent of the services rendered, the time he spent on the appeal, and the factors considered in determining the reasonableness of the fee.

Snider suggests, however, that this court, in remanding the matter back to the trial court, was exercising its discretion under Rule 7.07(b) to require the trial court to make the determination of attorney fees, including the attorney fees for appellate work. Snider argues that because this court reversed the judgment of the trial court and remanded this matter to the trial court with directions to enter judgment in favor of Snider, the trial court was vested "with the duty to allow a reasonable sum for attorney[] fees, including the fees incurred for prosecuting the appeal" under K.S.A. 40-908.

K.S.A. 40-908 provides as follows:

"That in all actions now pending, or hereafter commenced in which judgment is rendered against any insurance company on any policy given to insure any property in this state against loss by fire, tornado, lightning or hail, *the court in rendering such judgment shall allow the plaintiff a reasonable sum as an attorney's fee for services in such action including proceeding upon appeal to be recovered and collected as a part of the costs:* Provided, however, [t]hat when a tender is made by such insurance company before the commencement of the action in which judgment is rendered and the amount recovered is not in excess of such tender no such costs shall be allowed." (Emphasis added.)

Thus, under the plain language of K.S.A. 40-908, in rendering judgment against an insurance company, the court shall allow the plaintiff a reasonable sum as attorney fees for services in such action *including proceeding upon appeal, to be recovered and collected as a part of the costs.*

Although Snider maintains that the trial court in this case had the authority to grant attorney fees for appellate work under K.S.A. 40-908, our Supreme Court has decided to the contrary in a case involving a similar statute. Specifically, in *Evans v. Provident Life & Accident Ins. Co.*, 249 Kan. 248, 815 P.2d 550 (1991), the plaintiff filed a Rule 7.07(b) motion for attorney fees under K.S.A. 40-256, which is an insurance statute allowing attorney fees for appellate work. Similar to the wording in K.S.A. 40-908, K.S.A. 40-256 states that "the court in rendering such judgment shall allow the plaintiff a reasonable sum as an attorney's fee for services in such action, *including proceeding upon appeal,* to be recovered and collected as a part of the costs." (Emphasis added.) After re-

ceiving the plaintiff's Rule 7.07(b) motion, this court remanded the case to the trial court for a determination of appellate attorney fees. Nevertheless, our Supreme Court determined that this was contrary to Rule 7.07(b). 249 Kan. at 265-66.

In remanding the case to this court for a determination of attorney fees, our Supreme Court held that "[c]ivil appellate attorney fee awards are to be determined by the appellate court hearing the appeal. Motions for attorney fees incurred before the Court of Appeals should be determined by the Court of Appeals." 249 Kan. at 265. Our Supreme Court concluded: "Where an award of attorney fees pursuant to K.S.A. 40-256 is sought for appellate services, Rule 7.07 (1990 Kan Ct. R. Annot. 37) requires that the appellate court in which said services were rendered determine the matter." 249 Kan. 248, Syl. ¶ 10. Thus, our Supreme Court determined that the whole question of the award of attorney fees for appellate work before this court must be remanded for a determination by this court. 249 Kan. at 266.

In applying our Supreme Court's decision in *Evans* to the present case, we determine that the trial court does not decide an award of attorney fees for appellate work before this court. Rather, after an appropriate Rule 7.07(b) motion is filed, this court would determine the amount of reasonable attorney fees for appellate work before this court to be awarded under K.S.A. 40-908. As discussed previously, however, Snider has not filed a Rule 7.07(b) motion with this court requesting attorney fees for appellate work in its first appeal. As a result, this court has never reached the issue concerning the amount of reasonable appellate attorney fees to be awarded to Snider under K.S.A. 40-908 in the first appeal.

Although Snider contends that this court's order remanding the case to the trial court for a determination of attorney fees encompassed attorney fees for appellate work, that contention is simply not true. Because Snider did not file a Rule 7.07(b) motion requesting attorney fees for appellate work in his first appeal, that issue was never properly before this court.

In its appellate brief, American Family concedes that the trial court's award of attorney fees was based upon improper factors because "the trial court appears to be have awarded fees for the

appeal of the underlying case, which are not allowed." Nevertheless, American Family points out that it has not appealed the $5,000 award of attorney fees. American Family argues that the $5,000 award of attorney fees was not an abuse of discretion, "even if it was based upon improper factors."

While it is true that American Family has not appealed the trial court's award of attorney fees, this court cannot ignore the fact that the trial court's award erroneously included attorney fees for the first appeal in this case. Our Supreme Court has held that a trial court abuses its discretion when it makes an error of law. *State v. Moore*, 287 Kan. 121, 135, 194 P.3d 18 (2008). Moreover, an abuse of discretion may be found if a trial judge's decision goes outside the framework of or fails to properly consider statutory limitations or legal standards. *State v. Woodward*, 288 Kan. 297, 299, 202 P.3d 15 (2009). In this case, by considering and apparently including appellate attorney fees in its decision, the trial court made an error of law and went outside of the legal framework giving it the authority to award attorney fees. Moreover, based on the one-page journal entry filed by the trial court, this court cannot determine how much of the attorney fee award was allocated towards appellate attorney fees.

Under the circumstances present here, we find an abuse of discretion in the trial court's award of attorney fees.

*Amount of Attorney Fees to be Awarded*

Snider has requested that this court determine a reasonable amount of attorney fees to be awarded to him in this case. As set out previously, an appellate court does not substitute its judgment for that of the trial court on the amount of the attorney fee award unless in the interest of justice the appellate court disagrees with the trial court. See *Johnson v. Westhoff Sand Co.*, 281 Kan. 930, 940, 135 P.3d 1127 (2006). Because the trial court apparently did not consider the relevant factors under Supreme Court Rule 1.5(a) (2010 Kan. Ct. R. Annot. 458) but instead awarded Snider attorney fees in the same amount as the recovery under the policy and improperly included appellate attorney fees in that award, we determine that in the interest of justice the trial court's award of

attorney fees was in error and should be reversed. As a result, this court can determine the amount of the attorney fees to be awarded to Snider.

In reviewing Snider's detailed billing statements and the record in this case, along with the factors under Rule 1.5(a), we note that Snider's attorney spent a significant amount of time attempting to get American Family to pay Snider's claim under the policy before suit was even filed. When American Family continued to refuse to pay Snider's claim, Snider's attorney filed suit against American Family. Snider's attorney then had to prepare responses and objections to American Family's discovery requests. After that, Snider and American Family filed competing summary judgment motions concerning Snider's coverage under the policy.

As detailed in Snider's attorney's billing statement, Snider's motion for summary judgment and the response to American Family's motion for summary judgment required a substantial amount of time to prepare. Although the issues in the case were questions of law, they required interpretation of complicated contract provisions and also research as to the relevant statutory and case law in this area. After American Family responded to Snider's motion for summary judgment, Snider's attorney spent time preparing a reply to American Family's arguments. Snider's attorney then appeared at a hearing on the motions for summary judgment and presented his arguments as to why Snider was entitled to coverage under the insurance policy. After the hearing, American Family provided additional support for its motion for summary judgment to the trial court, and Snider's attorney filed a response.

American Family later moved for reconsideration of the trial court's judgment and conceded that the trial court had erroneously concluded that there was no coverage for theft under the policy. American Family argued an alternative basis to affirm the trial court's judgment, and Snider's attorney filed a written response to American Family's arguments. The billing statements also show that after the case was reversed and remanded by this court, Snider's attorney spent time setting the hearing on attorney fees and expenses and sending out the notice for the hearing.

American Family contended at oral arguments that this case presented a straightforward question of law that should not have required the amount of attorney fees that Snider's attorney claims in his billing statements. Nevertheless, the record does not show any unreasonable attorney fees billed by Snider's attorney at the trial court level. Snider had to engage in extended correspondence with American Family with the ultimate result being a denial of coverage under Snider's insurance policy; file suit against American Family, respond to numerous motions filed by American Family, including a motion for summary judgment; and appeal the trial court's ruling to this court in order to obtain coverage under the policy. While the subject of appellate attorney fees will not be decided by this court in the present opinion, we point out that Snider's appeal shows the extent to which Snider's attorney had to go in order to obtain coverage for his client.

In addition, we note that while Snider's attorney would have been able to work on other cases during this time, Snider's case did absorb a significant amount of his attorney's time, especially when the case moved towards the summary judgment stage. Moreover, Snider's attorney's hourly rate and his associate's hourly rate were commensurate with attorney fees customarily charged in the area for similar legal services. Although the record indicates that the amount of the claim in this case was for $5,000, Snider's attorney could not have achieved the favorable result for Snider with only $5,000 in attorney fees (which equals a little over 22 hours at Snider's attorney's hourly rate). Further, in looking at the time limitations in the case, we note that Snider's attorney utilized the less strict time limitations at the beginning of his representation to attempt to get the claim paid directly through American Family. Once those attempts proved unsuccessful and Snider's attorney filed suit, the time limitations were more stringent, especially once the competing motions for summary judgment were filed.

After considering the factors under Rule 1.5(a) in light of the record in this case, we determine that Snider should be awarded $19,500 in attorney fees for his attorney's representation before the trial court. This amount represents the approximate $19,000 in attorney fees reflected in Snider's attorney's billing statements for

his representation before the trial court and an additional $500 for Snider's attorney's preparation and appearance for the attorney fees hearing before the trial court. Because Snider submitted his billing statements to the trial court at the attorney fees hearing, those statements do not reflect his attorney fees for the hearing. Such fees litigating the amount of attorney fees to be awarded are recoverable. See *Johnson v. Westhoff Sand Co.*, 281 Kan. at 953. Finally, we determine that the $155 billed as expenses by Snider's attorney is recoverable as part of his attorney fees. Our Supreme Court has held that expenses are a part of reasonable attorney fees. See *York v. InTrust Bank, N.A.*, 265 Kan. 271, 315, 962 P.2d 405 (1998); *Sheila A. v. Whiteman*, 259 Kan. 549, 566, 913 P.2d 181 (1996).

Our Supreme Court has recently held that "[p]rovisions allowing an award of attorney fees are not passed to benefit the attorney or to burden litigants. Rather, they are passed to enable litigants to obtain competent counsel." *Robinson v. City of Wichita Retirement Bd. of Trustees*, 291 Kan. 266, Syl. ¶ 9, 241 P.3d 15 (2010). Here, in reviewing the record in the case, we determine that $19,655 in attorney fees and costs was necessary for Snider to obtain competent counsel to successfully litigate his claim. As a result, we reverse the trial court's award of attorney fees and remand for the trial court to enter a judgment awarding Snider $19,655 in attorney fees and costs.

*Attorney Fees for Second Appeal*

At the end of his appellate brief, Snider asks this court to award him reasonable attorney fees for prosecuting this second appeal. Nevertheless, this is not the proper procedure outlined in Rule 7.07(b) for requesting appellate attorney fees. We note that several days after oral arguments in the present appeal, Snider filed a Rule 7.07(b) motion requesting appellate attorney fees. We will rule on this issue in a separate order.

Reversed and remanded with instructions to enter a judgment against American Family awarding $19,655 in attorney fees and costs to Snider.