No. 111,253

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Interest of F.,
A Minor Child.

SYLLABUS BY THE COURT

1.

When attorney fees are properly awardable by the court, the amount of fees to be awarded is within the sound discretion of the awarding court.

2.

In considering the amount of attorney fees to be awarded, the awarding court should consider the factors set out in Rule 1.5(a) of the Kansas Rules of Professional Conduct (2014 Kan. Ct. R. Annot. 515).

3.

K.S.A. 22-4507(c), which sets a general limit of $80 per hour for the compensation of attorneys appointed in criminal cases to represent indigent defendants, does not set a limit on fees in other types of cases. In noncriminal cases, the awarding court determines the fee amount after considering the factors set out in Rule 1.5(a).

Appeal from Sedgwick District Court; ERIC R. YOST, judge. Opinion filed January 23, 2015. Affirmed.

*Richard A. Macias*, of Wichita, for appellant.

*Nancy Ogle*, of Ogle Law Office, L.L.C., of Wichita, for appellee natural father.

Before BUSER, P.J., LEBEN and STANDRIDGE, JJ.

LEBEN, J.: John and Anne, the adoptive parents of a baby girl, have appealed the $5,222.77 in attorney fees and expenses assessed against them to pay the attorney who represented the biological father whose parental rights were terminated. John and Anne argue that the attorney's fee, based on a $150 hourly rate, should have been reduced to reflect an $80-per-hour rate—the same rate paid in Kansas to attorneys appointed to represent indigent criminal defendants.

But a specific statute, K.S.A. 22-4507(c), provides for that $80-per-hour rate in criminal cases. No statute sets the rate for other cases, and the awarding court determines that rate in its discretion after considering a set of potentially applicable factors. We find no abuse of discretion in the district court's determination of the attorney fee here.

## FACTUAL AND PROCEDURAL BACKGROUND

With the approval of the birth mother, John and Anne sought to adopt a baby girl born in Wichita on December 31, 2012. The girl's natural father, Lonnie, did not agree to relinquish his parental rights, but the district court terminated his parental rights and granted John and Anne's adoption petition after a contested, 1-day trial. The court concluded that Lonnie had failed without reasonable cause to provide support for the birth mother during the 6-month period before the child's birth, that he was unfit as a parent, that he had abandoned the mother after learning of the pregnancy, and that he had made no reasonable efforts to support the child after her birth.

Before trial, the court had found that Lonnie was partially indigent and had ordered that he pay $500 toward his attorney's fees. Lonnie paid $100. Lonnie's attorney, Eric Hartenstein, presented a total bill to the court of $5,622.77. That amount reflected Lonnie's $100 payment; it also included expenses of $262.77 ($105 for serving court

2

papers and $157.77 for a deposition transcript). The rest of the bill reflected Hartenstein's time spent on the case at $150 per hour.

John and Anne argued in the district court that Hartenstein should be limited to $80 per hour based on the fee paid in criminal cases. The district court concluded that it had the discretion to award that or a higher amount, and it exercised its discretion by awarding the fees as requested:

"In making this award, I would reiterate that the fees being requested here are not, in fact, for a criminal case, nor are they to be paid by taxpayers. This is a civil matter, which is filed due to [John and Anne's] desire to strip [Lonnie] of his parental rights, to which he objects. And the request of $150 per hour is very much in keeping with what attorneys in Sedgwick County charge for work such as this. Many, in fact, charge more than that.

"Mr. Hartenstein has requested a fee of $5,360 (35.73 hours at $150 per hour), plus $262.77 in other costs, for a total of $5,622.77. I find that the hourly rate requested is in keeping with the practice in Sedgwick County, and that the hours spent on this matter are appropriate. I further find that Mr. Hartenstein is a capable and experienced attorney, who merits such a rate. The fee request of $5,360, plus other costs of $262.77, are hereby granted, and are assessed against [John and Anne]. This amount is to be reduced by $400, which is part of the amount ($500) that [Lonnie] was ordered to pay for his own counsel."

John and Anne have appealed the assessment of attorney fees to this court.

ANALYSIS

John and Anne do not challenge the district court's authority to award attorney fees and expenses. Nor do they challenge the amount of time Hartenstein spent or the amount

of his out-of-pocket expenses. Their only argument on appeal is that the attorney's hourly rate should have been limited to $80.

The amount of attorney fees to be awarded is within the sound discretion of the awarding court. *Snider v. American Family Mut. Ins. Co.*, 297 Kan. 157, 168-69, 298 P.3d 1120 (2013). On appeal, we review a district court's fee award for abuse of discretion. 297 Kan. at 169, 171; *Rinehart v. Morton Buildings, Inc.*, 297 Kan. 926, 942, 305 P.3d 622 (2013); *Unruh v. Purina Mills*, 289 Kan. 1185, 1202, 221 P.3d 1130 (2009). A district court abuses its discretion only when it bases its decision on an error of fact or law or when its decision is so unreasonable that no reasonable person would agree with it. *Snider*, 297 Kan. at 169; *In re M.H.*, 50 Kan. App. 2d __, 337 P.3d 711, 719 (2014).

While the district court has considerable discretion in determining the amount of attorney fees, the Kansas Supreme Court has provided that it should consider the eight factors set out in Rule 1.5(a) of the Kansas Rules of Professional Conduct:

> "(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> "(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> "(3) the fee customarily charged in the locality for similar legal services;
> "(4) the amount involved and the results obtained;
> "(5) the time limitations imposed by the client or by the circumstances;
> "(6) the nature and length of the professional relationship with the client;
> "(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
> "(8) whether the fee is fixed or contingent." 2014 Kan. Ct. R. Annot. 515.

4

In our case, the district court did not explicitly mention Rule 1.5(a), but its comments reflected consideration of several of the applicable factors. The court noted that the fee was in line with customary charges by attorneys for similar services in Wichita, that the attorney's abilities and experience merited such an hourly rate, and that the amount of time spent by the attorney was appropriate for the case.

Several of the other factors would be of little or no relevance: accepting a case that could be resolved in a 1-day trial held a few months after appointment would not preclude other legal work; neither the fee nor the case involved contingent fees; and although a termination-of-parental-rights case involves very important issues, this one did not present novel legal questions. Although the district court did not mention the factors set out in Rule 1.5(a), it appears that it gave appropriate consideration to those that applied.

The district court explicitly considered—and rejected—John and Anne's request that the attorney's fee be limited by an $80 hourly rate. On appeal, John and Anne cite both to the statute and to one of our past cases, *In re Adoption of J.M.D.*, 41 Kan. App. 2d 157, 202 P.3d 27 (2009), *rev'd in part* 293 Kan. 153, 260 P.3d 1196 (2011). In that case, our court considered the assessment of attorney fees for services rendered on appeal, and like the case now before us, *In re J.M.D.* was a private adoption proceeding. Also like our case, the fees were being assessed against the adoptive parent for representation of the biological parent whose rights were being terminated. Our court reviewed a fee request based on a $200-per-hour rate and reduced it to $80 per hour, noting that the $80 rate was used for court-appointed attorneys representing indigent defendants. 41 Kan. App. 2d at 173-74.

The adoptive parents did not appeal our court's attorney-fee order in *In re J.M.D.*, see 293 Kan. at 174, but on appeal to the Kansas Supreme Court, the biological parent

5

made a further request for the fees incurred on appeal to that court. It too chose to award fees at a rate of only $80 per hour for the work done in its court. 293 Kan. at 175.

But John and Anne read too much into the *J.M.D.* fee awards. In each case, the appellate court awarded the fees for services rendered before it. Accordingly, the appellate court was exercising its own discretion—guided by the Rule 1.5(a) factors—on the amount of fees to be awarded. The $80-per-hour rate for fees awarded in those cases does not set a limit on the fees that may be awarded in other cases. In fact, both the Kansas Supreme Court and our court have awarded fees at higher hourly rates in other cases. *E.g.*, *In re Estate of Strader*, No. 105,964, 300 Kan. ___, ___ P.3d ___, 2014 WL 7009658, at *10 (2014) (approving fees at $250-per-hour rate in probate matter); *Snider v. American Family Ins. Co.*, 45 Kan. App. 2d 196, 199, 210-11, 244 P.3d 1281 (2011) (approving fees based on hourly rates of $150 and $225 per hour in insurance-coverage dispute), *aff'd in relevant part*, 297 Kan. at 175 (2013).

Nor does K.S.A. 22-4507(c), which expressly applies only to attorneys appointed to represent indigent criminal defendants, set a limit on fees in other types of cases. The fee award here is authorized by K.S.A. 59-2134(c), which has no language limiting the court's discretion in determining the proper amount of the attorney fee.

We have also received a motion from Lonnie's appellate attorney, Nancy Ogle, asking for an assessment of the fees and expenses incurred in this appeal. She asks for $3,645 in attorney fees (24.3 hours at $150 per hour) plus $208.02 in printing expenses for a total of $3,853.02. John and Anne have not filed a response to that motion. We assume, therefore, that they do not claim that Ogle spent an unreasonable number of hours on the appeal or object to the printing expenses.

We have reviewed her detailed billing invoice and considered the Rule 1.5(a) factors. We note that Ogle specifically addressed those factors in an affidavit. While the

issues in this appeal are relatively straightforward, she had to prepare an appellate brief and review the district-court record. The rate charged is well within the range of rates charged for similar legal services, and she has extensive experience in the Kansas appellate courts. We find the amount of time spent and her hourly rate reasonable for the work performed. We therefore assess $3,853.02 in attorney fees and expenses against John and Anne for the work performed on this appeal.

The district court's judgment is affirmed.