NOT DESIGNATED FOR PUBLICATION

No. 119,596

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TODD VALLE,
*Appellant*,

v.

TRACY GREEN,
*Appellee*.

MEMORANDUM OPINION

Appeal from Johnson District Court; ROBERT J. WONNELL, judge. Opinion filed March 1, 2019.
Affirmed.

*Todd Anthony Valle*, appellant pro se.

*Tracy L. Green*, appellee pro se.

Before POWELL, P.J., LEBEN, J., and KEVIN BERENS, District Judge, assigned.

PER CURIAM: Todd Valle appeals the district court's adoption of a parenting plan
that granted sole legal custody of his daughter, M.V., to M.V.'s mother, Tracy Green. Valle
makes two arguments in his attempt to get that custody order reversed.

First, he argues that Green failed to adequately disclose some of her exhibits before
trial. But based on the information he has provided on appeal, Valle had appropriate notice
of the evidence Green presented against him and the district court properly admitted the
exhibits in question.

1

Second, Valle argues that the guardian ad litem, who recommended the parenting plan the court adopted, was biased against him and did an incomplete investigation. But Valle didn't raise these issues in the district court, so he cannot raise them for the first time on appeal. We therefore affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Valle and Green are the parents of M.V., who was born in 2009. In 2017, Valle petitioned the district court for a determination of paternity and asked that the court establish a parenting and child-support plan for M.V.

According to Valle's petition, M.V. lived with both Green and Valle in Gardner, Kansas. In her response to Valle's petition, Green said that Valle was M.V.'s natural father, although Valle and Green were neither "married nor involved in a relationship" when M.V. was conceived and born. Green also denied Valle's claim that M.V. lived with both him and Green. Instead, Green claimed that M.V. "had always resided with [Green]" in Gardner. Green also claimed that she "ha[d] been the sole financial provider for the minor child and that [Valle] ha[d] not provided any financial support for [M.V.] since [she] was born."

Green told the district court that she had had primary custody of M.V. since she was born and that Valle had had weekly visitation with M.V. since 2010—a plan that she said both Green and Valle had orally agreed to. Green asked the court to adopt a 2006 custody and parenting plan from the Circuit Court of Cass County, Missouri, but that plan is not included in the appellate record.

In January 2018, when Valle and Green first appeared before the district court, both parties agreed that there wasn't a temporary child-support order in place. The court

2

adopted a temporary child-support and parenting plan, appointed an attorney, Jennifer Hagg, to serve as guardian ad litem for the child, and set the matter for trial.

Both Valle and Green represented themselves at trial. According to the trial transcript, Hagg proposed a parenting plan before trial, which Valle opposed.

Valle called Percilla Hicks, his mother, as his first witness. She testified that M.V. had spent most of her time with Valle since she was about nine months old.

During her cross-examination of Hicks, Green offered into evidence an expense statement of M.V.'s daycare costs. Valle objected, arguing that he hadn't been given the chance to look at the exhibit. The court offered Valle time to review the document and then admitted it, finding that Valle hadn't suffered any prejudice from its late production because Green had filed "a very detailed exhibit list" before trial.

After Valle and Green finished calling their witnesses, Hagg called both Valle and Green to the stand. Valle told the court that when M.V. stays with him, he, his mother, and M.V. all sleep in the living room. He conceded that he and his mother both smoke in the home when M.V. isn't present and that he didn't know the names of M.V.'s school teachers or medical doctors. Valle told the court that he wasn't involved in M.V.'s school, other than dropping her off.

When Green testified, she told the court how she always took M.V. to the doctor and the dentist; she knew the names of M.V.'s teachers and school principal. Green also told the court that M.V. has asthma, aggravated by spending time at Valle's home. Green said she was involved with the school in developing an education plan specifically for M.V. and was generally involved with M.V.'s school activities.

In its written ruling, the court found that Green had notified Valle "of the exhibits she planned to offer at trial in the pre-trial questionnaire" she had filed the month before trial. The court adopted the parenting plan proposed by Hagg, finding that it was "in the best interest of the minor child" for Green to have sole legal custody of M.V., meaning Green would be the primary decision-maker for M.V.

Although the court granted Green sole legal custody, its order gave Valle the power to "make emergency decision[s] affecting [M.V.'s] health or safety when [she] is in [Valle's] physical care and control when [Green] is not available." The order also gave Valle parenting time with M.V. each weekend, after school on two weekdays, and on designated holidays.

Valle has appealed to our court.

ANALYSIS

On appeal, Valle argues that the district court erred by adopting the guardian ad litem's proposed parenting plan for two reasons. First, Valle says that Green failed to adequately disclose exhibits before trial. Second, Valle claims that the district court should not have considered the guardian ad litem's proposed parenting plan because the guardian was biased against him and did an incomplete investigation.

Weighing conflicting presumptions and determining the best interests of a child are judgment calls for the district court, which hears the evidence directly. We therefore review its decision on custody issues between a child's parents only for an abuse of discretion. See *Harrison v. Tauheed*, 292 Kan. 663, 672, 256 P.3d 851 (2011). Under that standard, we must uphold the district court's decision unless it was based on a mistaken view of the facts or the law or no reasonable person would agree with it. *In re F.*, 51 Kan. App. 2d 126, 128, 341 P.3d 1290 (2015).

4

Valle begins by arguing that the district court improperly admitted some of Green's exhibits because Green had failed to disclose the exhibits before trial. We also review a district court's decision to admit evidence against an argument that it should have been disclosed before trial for an abuse of discretion. *Walder v. Board of Jackson County Comm'rs*, 44 Kan. App. 2d 284, 286, 236 P.3d 525 (2010).

Valle says he didn't receive adequate disclosure of Green's exhibits because "[t]he descriptions of the exhibits in Ms. Green's pre-trial questionnaire . . . differed from [the] exhibits she offered in the court." He says Exhibit N, "a detailed expense statement from when [M.V.] was with [Green]," was listed as a "'Full order of Protection for Defendant, Tracy Green . . . against . . . Todd Valle'" in the pretrial questionnaire. Likewise, Valle says Green misidentified Exhibit B, which Green listed as "'daycare, school, health insurance, and medical expense statements'" in the pretrial questionnaire, while Exhibit B at trial was a protection order against Valle. (While the pretrial questionnaire has not been formally included in our record, Valle attached a copy to his appellate brief. For the purpose of considering his argument, and without any objection by Green in her brief, we assume the copy to be accurate.)

Indeed, the pretrial questionnaire and Exhibits B and N show that the two exhibits were flip-flopped—Exhibit B was labeled as Exhibit N in the pretrial questionnaire and vice-versa. But the pretrial questionnaire shows that Green disclosed that she would have both exhibits before trial—despite how they were labeled at trial.

When Valle objected to the timing of the production of the exhibit at trial, the district court noted that no pretrial deadline for the exchange of exhibits had been set by the court. The court then offered Valle time to look at the exhibit that he had objected to and reviewed the list of exhibits Green had filed. The court found that it was "a very

5

detailed exhibit list" and found no prejudice to Valle in admitting exhibits matching what had been listed.

Valle hasn't shown that the district court based its decision on any legal or factual error, and we conclude that a reasonable person could agree with its conclusion to admit the exhibits. Valle had advance notice of the nature of the exhibits, the opportunity to review the exhibits at the hearing, a chance to cross-examine Green about them, and the ability to testify himself about any of the matters. We find no abuse of discretion in the admission of the exhibits.

Valle also argues that Hagg, the guardian ad litem who was appointed to represent M.V.'s interests, failed to perform a thorough investigation of the facts because she "relied on Missouri courts [and] lawyers" but was unable to find the records. And Valle claims that Hagg was biased against him, apparently because some of her conclusions weren't favorable to Valle.

But as Green points out in her appellate brief, Valle never raised complaints about Hagg's performance as M.V.'s guardian ad litem in the district court. "As a general rule, issues not raised before the lower court cannot be raised for the first time on appeal." *Johnson v. Westhoff Sand Co.*, 281 Kan. 930, Syl. ¶ 12, 135 P.3d 1127 (2006). Since Valle didn't raise issues about Hagg before the district court, he cannot raise these issues for the first time on appeal. *Wolfe Electric, Inc. v. Duckworth*, 293 Kan. 375, 403, 266 P.3d 516 (2011). While there are some exceptions to that rule, Valle has neither cited the rule nor argued for any exceptions to it in his appellate brief. The failure to do so prevents appellate review. See Kanas Supreme Court Rule 6.02(a)(5) (2019 Kan. S. Ct. R. 34); *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015); *Emrich v. Lawrence*, No. 115,824, 2017 WL 6396619, at *4-5 (Kan. App. 2017) (unpublished opinion).

In sum, neither of Valle's specific claims has merit. And though the underlying district court order is a custody plan that we may review generally for abuse of discretion, Valle hasn't pointed to anything that would cast doubt on the district court's judgment call on the disputed custody issues. Under K.S.A. 2017 Supp. 23-3201, "[t]he court shall determine legal custody, residency and parenting time of a child in accordance with the best interests of the child." That's what the court did here.

In its order, the district court said that it had adopted Hagg's proposed paternity plan because it found that doing so was in the best interests of M.V. The court based its order on seven findings:

1. Valle "does not regularly attend [M.V.]'s school events or extracurricular activities";
2. Valle doesn't know who M.V.'s medical providers and teachers are, and hasn't attended past medical appointments;
3. Valle "has minimal contact with his two older children";
4. Valle and his mother both smoke in the family home, which affects M.V.'s asthma;
5. Valle hasn't been involved in past decision-making for M.V.;
6. Valle isn't the primary caregiver when M.V. is in his home; and
7. Hagg's parenting plan provides "more stability and parental support [than] the current schedule" and requires "minimal adjustments for [M.V.] to her community and school schedule" while still allowing M.V. and Valle to spend time together each week.

Although Valle disagrees with these findings, he doesn't claim that they weren't adequately supported by evidence. Nor does Valle suggest that the court's decision was based on any type of legal or factual error. We find that a reasonable person could agree

with the court-ordered parenting plan; the district court did not abuse its discretion in adopting it.

We affirm the district court's judgment.