No. 103,340

Eugene Wayne Snider, d/b/a West Heating & Cooling, *Appellant*, v. American Family Mutual Insurance Co., *Appellee*.

(298 P.3d 1120)

Opinion filed April 19, 2013.

*James E. Kiley, Jr.*, of The Kiley Law Firm, LLC, of Overland Park, argued the cause and was on the briefs for appellant.

*Matthew W. Geary*, of Dysart Taylor Cotter McMonigle & Montemore, P.C., of Kansas City, Missouri, argued the cause and was on the briefs for appellee.

The opinion of the court was delivered by

LUCKERT, J.: In *Evans v. Provident Life & Accident Ins. Co.*, 249 Kan. 248, 265, 815 P.2d 550 (1991), this court held that a party's request for civil appellate attorney fees is to be determined by the appellate court hearing the appeal. Supreme Court Rule 7.07(b) (2012 Kan. Ct. R. Annot. 66) provides a procedure for making such a request and specifies the time period after the appellate oral argument in which the request must be made.

In this case, Eugene Wayne Snider, d/b/a West Heating & Cooling, did not file a motion for appellate attorney fees in a successful appeal to the Court of Appeals that resulted in a remand to the district court. *Snider v. American Family Mut. Ins. Co.*, No. 101,202, 2009 WL 2902588, at *15 (Kan. App. 2009) (unpublished opinion) (*Snider I*). In the district court proceeding on remand, Snider requested and received attorney fees related to both the district court and the appellate proceedings based on the authority of K.S.A. 40-908, a prevailing party attorney fee statute. Considering an appeal from that order, the Court of Appeals reversed the award of appellate attorney fees, determining Snider had waived his right to appellate attorney fees by not filing a motion for attorney fees with the Court of Appeals in the prior appeal. *Snider v. American Family Mut. Ins. Co.*, 45 Kan. App. 2d 196, 205-08, 244 P.3d 1281 (2011) (*Snider II*).

Now, on petition for review of that decision, Snider asks us to reverse the Court of Appeals and overrule *Evans* or exclude *Evans'* holding from those cases where a fee applicant did not prevail in

the district court. This result would allow Snider to receive a judgment for the appellate attorney fees incurred in *Snider I*. In addition, Snider requests us to award him more fees for this current appeal—*Snider II*—than allowed by the Court of Appeals. We reject these requests and conclude that some aspects of Snider's arguments were not preserved; the Court of Appeals correctly applied Rule 7.07(b), *Evans*, and K.S.A. 40-908; and the Court of Appeals did not abuse its discretion in determining the amount of reasonable attorney fees related to this current appeal. Consequently, we affirm the Court of Appeals.

## FACTS AND PROCEDURAL HISTORY

Snider held an insurance policy through American Family Mutual Insurance Company (American Family) that included coverage for "contractor's equipment." After air conditioning condensers, tools, and equipment were stolen from his residential storage facility, Snider filed a claim with American Family under the policy. American Family denied his claim, and Snider sued. The district court granted summary judgment for American Family; Snider appealed.

The Court of Appeals reversed the district court's decision and remanded with directions for the district court to enter summary judgment in favor of Snider. The Court of Appeals also ordered the district court to determine the amount of attorney fees to be awarded to Snider under K.S.A. 40-908. *Snider I*, 2009 WL 2902588, at *15. After appellate oral arguments, Snider did not file a motion for appellate attorney fees under Rule 7.07(b).

On remand, the district court held a hearing on the issue of attorney fees. Snider's attorney submitted an itemized list of attorney fees and expenses totaling $43,599.55. The district court awarded attorney fees to Snider in the amount of $5,000 and noted: "[T]his Court finds that Plaintiff's request is unreasonable on its face, especially requesting $22,000.00 to file and process an appeal." Snider appealed the district court's award of attorney fees.

The Court of Appeals held the district court abused its discretion in failing to award a fair and reasonable amount of attorney fees for services rendered at the district court level. After considering

the factors under Kansas Rules of Professional Conduct (KRPC) Rule 1.5(a) (2012 Kan. Ct. R. Annot. 492), the Court of Appeals determined that Snider was entitled to receive $19,500 in attorney fees for his attorney's representation in the district court plus $155 in costs. *Snider II*, 45 Kan. App. 2d at 211.

Additionally, the Court of Appeals determined the district court "erroneously considered and included appellate attorney fees in its attorney fee award." *Snider II*, 45 Kan. App. 2d at 203. The court found that Snider failed to comply with Rule 7.07(b) because he did not file a motion for attorney fees with the Court of Appeals and did not submit an "affidavit specifying the nature and extent of the services rendered, the time he spent on the appeal, and the factors considered in determining the reasonableness of the fee." *Snider II*, 45 Kan. App. 2d at 205. The Court of Appeals also found the district court lacked the authority under K.S.A. 40-908 to grant attorney fees for appellate work. *Snider II*, 45 Kan. App. 2d at 206-07.

Snider timely filed a Rule 7.07(b) motion requesting appellate attorney fees for his second appeal, *Snider II*. The Court of Appeals entered a separate order awarding an additional $11,554.79 in appellate attorney fees and $754.79 for associated costs. We granted Snider's petition for review in which he raises arguments pertaining only to appellate attorney fees for *Snider I* and *Snider II*.

RULE 7.07(b) AND THE SEPARATION OF POWERS DOCTRINE

In his petition for review, Snider presents an argument he had not raised before the district court or the Court of Appeals: He argues Rule 7.07(b) is unconstitutional because it violates the separation of powers doctrine of the United States Constitution. According to Snider, Rule 7.07(b) adds requirements and language that unconstitutionally affect a party's right under K.S.A. 40-908 to obtain attorney fees.

Generally, an issue cannot be raised for the first time in a petition seeking this court's review of a Court of Appeals' decision because an argument not made before the Court of Appeals is deemed abandoned. *State v. Ward*, 292 Kan. 541, 580, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012); *Osterhaus v. Toth*, 291 Kan.

759, 794, 249 P.3d 888 (2011). Snider had the opportunity to present this issue to the *Snider II* Court of Appeals when, in his reply brief, he rebutted American Family's argument that he had abandoned or waived his request for appellate fees in *Snider I* by not filing a timely motion with the Court of Appeals as required by *Evans* and Rule 7.07(b). Snider did not take advantage of this opportunity, and his failure to present any constitutional argument before the Court of Appeals prevents us from considering it on our review of the Court of Appeals' decision.

Consequently, we will not reach the merits of Snider's constitutional argument.

### SNIDER I APPELLATE ATTORNEY FEES AND RULE 7.07(b)

Snider's petition for review and briefs before this court build on several other arguments that were presented to the Court of Appeals. Snider asserts these issues were wrongly decided by the *Snider II* court.

Before focusing on the specifics of this argument, it is helpful to discuss some general rules regarding attorney fee awards. Foremost is the rule that a Kansas court may not award attorney fees unless a statute authorizes the award or there is an agreement between the parties allowing attorney fees. *Unruh v. Purina Mills*, 289 Kan. 1185, 1200, 221 P.3d 1130 (2009); *United States Fidelity & Guaranty Co. v. Maish*, 21 Kan. App. 2d 885, 905-06, 908 P.2d 1329 (1995). The question of whether a court has the authority to award attorney fees is a question of law over which an appellate court has unlimited review. *Unruh*, 289 Kan. at 1200; *Idbeis v. Wichita Surgical Specialists*, 285 Kan. 485, 490, 173 P.3d 642 (2007).

In this case, the authority to award attorney fees is granted under K.S.A. 40-908, and the procedure for seeking and awarding appellate attorney fees is established in Rule 7.07(b). The construction of K.S.A. 40-908 and Rule 7.07(b) involves legal questions over which we have unlimited review. *Kansas Judicial Review v. Stout*, 287 Kan. 450, 459-60, 196 P.3d 1162 (2008) (construction of a Supreme Court rule, like the construction of a statute, is a question of law).

K.S.A. 40-908 states, in pertinent part:

"That in all actions . . . in which judgment is rendered against any insurance company on any policy given to insure any property in this state against loss by fire, tornado, lightning or hail, *the court in rendering such judgment shall allow the plaintiff a reasonable sum as an attorney's fee* for services in such action including proceeding upon appeal to be recovered and collected as a part of the costs . . . ." (Emphasis added.)

Rule 7.07(b) applies to all requests for attorney fees related to an appeal, whether authorized under K.S.A. 40-908, a different statute, or by an agreement between the parties. Rule 7.07(b)(1) states that "[a]n appellate court may award attorney fees for services on appeal in a case in which *the district court had authority to award attorney fees.*" (Emphasis added.) Under Rule 7.01(b)(2), as we have previously noted, a motion for attorney fees must be filed within the time period specified in the rule; currently, that specified time is 14 days after oral argument, but it was 15 days at the time of the decision in *Snider II*. See *Snider II*, 45 Kan. App. 2d at 205 (quoting Supreme Court Rule 7.07[b] [2010 Kan. Ct. R. Annot. 62]).

Turning to the specifics of Snider's arguments, he contends: (1) We should overrule *Evans* or limit its application to cases where the fee applicant prevailed in the district court because it is impossible for a party who did not prevail in the district court to comply with Rule 7.07(b); (2) we should overrule or limit *Evans* because awarding fees at the appellate court level is contrary to K.S.A. 40-908; (3) we should overrule or limit *Evans* because a party who did not prevail in the district court is in a "catch 22" situation in requesting appellate attorney fees because of the potential futility of the request; and (4) *Evans* is distinguishable because the *Snider I* court delegated the task of determining appellate fees to the district court. We reject all of these arguments.

Before discussing those arguments, we briefly note what Snyder does not argue. Most significantly, he does not suggest that the Court of Appeals should not have reached the question of whether he waived his request for *Snider I* appellate attorney fees by not filing a Rule 7.07(b) motion. More specifically, he does not suggest that American Family failed to preserve that argument by not rais-

ing it before the district court when the district court considered the request for appellate fees incurred in *Snider I.* Instead, in Snider's petition for review he asks us to find error in the Court of Appeals' analysis of Rule 7.07(b), not in its decision to address the issue. At this stage, we conclude Snider has waived any argument he might have had that American Family did not preserve the Rule 7.07(b) issue by not raising it in the district court. See *Ward,* 292 Kan. at 580 (issue not raised in petition for review deemed abandoned).

Focusing on the four reasons Snider claims the Court of Appeals analysis was incorrect, Snider first argues it is impossible to comply with Rule 7.07(b) if a party loses at the district court level and then subsequently wins on appeal. Specific to this case, Snider asserts the district court did not have authority to award him attorney fees under K.S.A. 40-908 because the district court granted American Family summary judgment and thus had not ruled against an insurance company, which is a condition prerequisite to awarding attorney fees under K.S.A. 40-908. In turn, according to Snider, the Court of Appeals did not have authority to award him appellate attorney fees because Rule 7.07(b) gives appellate courts the right to award such fees only when "the district court had authority to award attorney fees." Consequently, according to him, a Rule 7.07(b) motion would have been futile. Snider also argues that a district court and an appellate court should both be able to award appellate attorney fees. He relies on *Berkshire Aircraft, Inc. v. AEC Leasing Co.,* No. 90,581, 2004 WL 797251 (Kan. App. 2004) (unpublished opinion), to support his position.

In *Berkshire,* Berkshire sued AEC Leasing Company (AEC) after AEC refused to pay a commission under a brokerage agreement for the sale of an aircraft. Both parties agreed that the contract was governed by Massachusetts law. After finding that Berkshire was not entitled to the commission, the district court ruled for AEC. The Court of Appeals reversed the district court and remanded the case with instructions to enter judgment on behalf of Berkshire. Upon remand, Berkshire sought attorney fees under a contract provision requiring payment of all costs and expenses incurred in collecting a commission due under the contract. The district court

refused to award attorney fees, and Berkshire again appealed. *Berkshire*, 2004 WL 797251, at *1-3.

In the second appeal, the Court of Appeals applied Massachusetts law as required by the contract and determined that Berkshire was entitled to attorney fees. The court rejected AEC's argument that Berkshire was barred from recovering appellate attorney fees altogether because Berkshire had failed to file a Rule 7.07(b) motion in the first appeal. The Court of Appeals noted that because the district court originally ruled for AEC, the district court did not have the authority to award attorney fees "and any such authority of the appellate courts pursuant to Rule 7.07 was dubious at best given the language of the rule." *Berkshire*, 2004 WL 797251, at *4. The court further noted that because the rule deals only with appellate attorney fees, "any recovery under the Rule would have been inadequate and not of a scope consistent with the contractual provision at issue." *Berkshire*, 2004 WL 797251, at *4.

In reaching these conclusions, the *Berkshire* court did not cite this court's decision in *Evans*. In *Evans*, we stated that civil appellate attorney fees are to be determined by the appellate court hearing the appeal and that a party requesting appellate attorney fees should timely file a Rule 7.07(b) motion. *Evans*, 249 Kan. at 265-66.

*Evans* was a direct appeal from a judgment against an insurance company. The appeal was first heard by the Court of Appeals, which held, in part, that the case should be remanded to the district court for determination of "attorney fees . . . for appellate work." *Evans v. Provident Life & Accident Ins. Co.*, 15 Kan. App. 2d 97, 113, 803 P.2d 1033 (1990), *aff'd in part, rev'd in part* 249 Kan. 248, 815 P.2d 550 (1991). On petition for review from that decision, this court held that the remand order to the district court for the determination of appellate attorney fees "is contrary to our Rule 7.07(b)." 249 Kan. at 265. The court continued, stating: "Civil appellate attorney fee awards are to be determined by the appellate court hearing the appeal." 249 Kan. at 265. Under this broad language used in *Evans*, the Court of Appeals in *Snider II* reasoned that Snider had to request appellate attorney fees before the Court of Appeals in *Snider I*.

Snider argues the holding in *Evans* should not be applied to him because he did not prevail in the district court and, therefore, it was impossible for him to comply with the holding. This argument and the reasoning of the *Berkshire* court ignore the effect of the Court of Appeals' decisions regarding the merits of the appeal in those cases, which was to rule that the respective district courts had the authority—albeit an authority that had not been exercised—to award attorney fees. Specific to *Snider I*, the Court of Appeals held that the district court should have granted Snider's summary judgment motion and entered judgment against American Family. *Snider I*, 2009 WL 2902588, at *5-14. This holding led to the Court of Appeals' determination that the district court should have awarded Snider a judgment for reasonable attorney fees. *Snider I*, 2009 WL 2902588, at *14-15. Further, even though the district court had erroneously failed to exercise that authority, the *Snider I* court's decision made clear that the district court had authority to award fees.

As to Snider's second argument, if the *Snider I* court had determined the reasonable amount of appellate attorney fees, that determination would not have been contrary to the directive in K.S.A. 40-908 that the award be granted by "the court in rendering such judgment" because of the effect of K.S.A. 60-2106(c). In K.S.A. 60-2106(c), sometimes referred to as the "mandate rule," the Kansas Legislature has directed an appellate court to transmit to the district court a "mandate containing such directions as are appropriate under the decision." The statute further states: "Such mandate and opinion . . . shall thereupon be a part of the judgment of the court if it is determinative of the action, or shall be controlling in the conduct of any further proceedings necessary in the district court." Hence, even though the district court would enter the final judgment at the conclusion of further proceedings on remand, the Court of Appeals was authorized to render a decision on the reasonableness of appellate attorney fees and that decision would be controlling in the district court proceedings.

Turning to Snider's third argument, our analysis of the first two arguments is not altered by the potential futility inherent in the requirement that a Rule 7.07(b) motion be filed within weeks of

the oral argument, which as a practical matter means it would have been filed before the *Snider I* court had issued its decision that K.S.A. 40-908 authorized the award of attorney fees in this case. Although Snider is correct that the *Snider I* court might have concluded attorney fees were not appropriate, the potential for an adverse ruling is inherent in virtually every motion. Nevertheless, these potentially futile motions are procedurally required to advance a party's position and to secure the relief the party seeks.

In an appellate setting, the Rule 7.07(b) time limit for filing a motion for attorney fees allows the appellate court to contemplate the request and, if appropriate, determine the reasonable amount of the fee while the matter is fresh in the minds of the judges or justices and to perhaps address the motion in the appellate court's opinion. The orderly administration of justice would not be advanced if an appellate court is asked to revisit a published case to consider a request for appellate attorney fees. Nor would it be advanced by requiring a district judge, who would not have read the appellate briefs, heard the oral argument, or fully considered the appeal, to take those steps as necessary to be fully informed regarding the reasonableness of a request for appellate attorney fees, only to potentially have that determination reviewed on appeal, at least in those cases where the appeal determines which party prevails in the action. See *Olsen v. Olsen*, 7 Kan. App. 2d 472, 475-76, 643 P.2d 1153 (1982).

Hence, Snider has not persuaded us to abandon or restrict the holding in *Evans* or the procedural requirements of Rule 7.07(b) in cases such as *Evans* and this appeal where the appeal determines which party has prevailed. *Cf. Waste Connections of Kansas, Inc. v. Ritchie Corp.*, No. 101,812, 2013 WL 1173919, at *25 (Kan. 2013) (denying both parties' Rule 7.07[b] motion because contract's attorney fee clause containing a prevailing party condition had not been satisfied where remand was required to determine which party would prevail). We reaffirm that if a party would be entitled to appellate attorney fees under a statute or contract upon prevailing on appeal, then the party must timely file a Rule 7.07(b) motion in order to preserve the right to those fees. Any contrary language in *Berkshire*, 2004 WL 797251, is overruled.

Finally, we find no merit in Snider's argument that the holding in *Evans* does not apply because the *Snider I* court delegated its authority under Rule 7.07(b) by remanding the case and directing the district court "to determine the amount of attorney fees to be awarded to Snider." *Snider I*, 2009 WL 2902588, at *15. As the *Snider II* court concluded, because Snider did not file a Rule 7.07(b) motion before the *Snider I* court issued its mandate order, the *Snider I* court did not have before it the question of appellate attorney fees. *Snider II*, 45 Kan. App. 2d at 207. Further, because the Court of Appeals is duty bound to follow Kansas Supreme Court precedent, absent some indication this court is departing from its previous position, the *Snider I* court was required to follow the controlling precedent of *Evans* and the requirements of Rule 7.07(b); any ruling to the contrary would have been erroneous. See *Anderson Office Supply v. Advanced Medical Assocs.*, 47 Kan. App. 2d 140, 161, 273 P.3d 786 (2012).

Ultimately, the decision in *Evans* put Snider on notice that he had to timely file a Supreme Court Rule 7.07(b) (2012 Kan. Ct. R. Annot. 66) motion following oral arguments in order to recover appellate attorney fees in *Snider I*. Further, *Evans* informed Snider and the district court that only the Court of Appeals could consider the reasonableness of the appellate fees related to the proceedings before the Court of Appeals. Snider failed to follow the procedural requirements for recovering appellate attorney fees and, consequently, is barred from recovering appellate attorney fees accrued during the *Snider I* appeal.

### *SNIDER II* APPELLATE ATTORNEY FEES ORDER

In his last argument on appeal, Snider claims the Court of Appeals erred in its calculation of reasonable appellate attorney fees for work in *Snider II*. Snider sought $35,854.79 in attorney fees and costs, and the Court of Appeals awarded $11,554.79. American Family argues we should not substitute our judgment for the judgment of the Court of Appeals.

We have stated that attorney fee statutes are not meant to punish the insurance company but rather "to permit the allowance of a fair and reasonable compensation" to the insured's attorney. *Latt-*

ner v. Federal Union Ins. Co., 160 Kan. 472, 481, 163 P.2d 389 (1945). Even if the awarding of an attorney fee is mandatory under a statute, the *amount* of the award is within the sound discretion of the awarding court, which means the award will be reviewed on appeal under an abuse of discretion standard. *Johnson v. Westhoff Sand Co.*, 281 Kan. 930, 940, 135 P.3d 1127 (2006). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *Ward*, 292 Kan. at 550. It is the first prong of this statement that is implicated by most of Snider's arguments. He therefore must show the Court of Appeals' action was arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only where no reasonable person would take the view adopted by the court. *Evans v. Provident Life & Accident Ins. Co.*, 249 Kan. 248, 262, 815 P.2d 550 (1991); *Stayton v. Stayton*, 211 Kan. 560, 562, 506 P.2d 1172 (1973).

In evaluating the reasonableness of an award of attorney fees, including the reasonableness of a fee allowed to a prevailing party by statute, a court should consider the eight factors set forth in KRPC 1.5(a) (2012 Kan. Ct. R. Annot. 492). *Johnson*, 281 Kan. at 940; *Davis v. Miller*, 269 Kan. 732, 751, 7 P.3d 1223 (2000). Those eight factors are:

"(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

"(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

"(3) the fee customarily charged in the locality for similar legal services;

"(4) the amount involved and the results obtained;

"(5) the time limitations imposed by the client or by the circumstances;

"(6) the nature and length of the professional relationship with the client;

"(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

"(8) whether the fee is fixed or contingent." 2012 Kan. Ct. R. Annot. 492-93.

In applying these factors, no one factor creates a presumption that controls unless and until it is rebutted by one or more of the other factors. *Johnson*, 281 Kan. at 951.

Here, the Court of Appeals reviewed the issues involved in the *Snider II* appeal as well as Snider's itemized invoice for appellate

attorney fees. After doing so, the court determined in its order that the issues involved on appeal did not warrant the amount of appellate attorney fees requested. The court noted that because the district court had already awarded Snider attorney fees related to the district court proceedings, the only issue in *Snider II* was whether the award should have been greater. The Court of Appeals noted that the underlying facts of the case had already been compiled for the first appeal. Altogether, the Court of Appeals found that Snider requested an unreasonable amount of attorney fees for the preparation of Snider's appellate brief, Snider's appellate reply brief, and several other small entries. Snider challenges the court's findings regarding only the appellate brief and the appellate reply brief.

*Snider's Appellate Brief*

Snider requested $7,357.50 (32.7 hours) in attorney fees for preparing his appellate brief presented to the Court of Appeals in *Snider II*. In finding the amount to be unreasonable, the Court of Appeals stated in its order awarding attorney fees:

"The following three major points were made in Snider's appeal: (1) that the trial court should not have limited attorney fees to the amount of the underlying judgment in the case but instead should have determined the amount of attorney fees necessary for competent counsel to pursue the insurance claim; (2) that the trial court failed to adequately consider the factors under Supreme Court Rule 1.5(a) (2009 Kan. Ct. R. Annot. 460) of the Kansas Rules of Professional Conduct in deciding a reasonable attorney fee; and (3) that limiting the amount of attorney fees to the underlying judgment in the case would discourage competent counsel from pursuing a small claim against an insurance company. These points are relatively straightforward, and Snider's extensive citation to cases from other jurisdictions was unnecessary. Further, Snider's argument regarding the lodestar method, which is not used in Kansas, was unnecessarily included in his appellate brief. Based on the issues in this case, we conclude that 24 hours or three full work days would have been a reasonable amount of time to prepare Snider's appellate brief."

Snider contends the Court of Appeals erred because his arguments regarding Rule 7.07(b) were valid and because we have previously discussed the lodestar method. We have rejected Snider's Rule 7.07(b) argument, however, and the Court of Appeals was correct that Kansas generally does not use only the lodestar method

to calculate attorney fee awards under state statutes. See *Gigot v. Cities Service Oil Co.*, 241 Kan. 304, 319, 737 P.2d 18 (1987) (the lodestar factors of "time and hourly rates" are just two of the factors that must be considered by the district court in arriving at reasonable attorney fee award); *Freebird, Inc. v. Cimarex Energy Co.*, 46 Kan. App. 2d 631, 643, 264 P.3d 500 (2011) ("the number of hours spent are one factor to consider in determining the reasonableness of the fee"; however, "it is not the only factor"), *rev. denied* 294 Kan. 943 (2012). Accordingly, Snider fails to demonstrate that the Court of Appeals' award of 24 hours for the appellate brief was arbitrary, fanciful, or unreasonable or based on an error of law.

*Snider's Appellate Reply Brief*

Snider next challenges the Court of Appeals' finding that his request for $23,985 (106.6 hours) in attorney fees for preparing his *Snider II* appellate reply brief was unreasonable. In its order, the Court of Appeals found it "shocking" that Snider's attorney allocated 106.6 hours to prepare a 15-page document. The court noted that a significant portion of the reply brief focused on the district court's authority to award appellate attorney fees in *Snider I*, which was contrary to our decision in *Evans*. The Court of Appeals concluded that "12 hours represents a reasonable amount of time" spent preparing Snider's reply brief.

Snider argues that he had to take time for "meticulous research to counter and deflate" American Family's arguments. Even accepting that, Snider fails to show that no reasonable person would agree with the Court of Appeals' conclusion that 12 hours was a reasonable amount of time for reply brief preparation, including the Rule 7.07(b) arguments. Thus, we affirm the Court of Appeals' appellate attorney fee award for work done in the *Snider II* appeal.

## AMERICAN FAMILY CROSS-APPEAL

In its supplemental brief, American Family challenges the Court of Appeals' holding that the district court's $5,000 attorney fee award for work done at the district court level was not supported by substantial competent evidence. American Family, however, did not file a cross-petition for review, and Snider did not request this

court's review of that issue in his petition for review. A party aggrieved by a decision of the Court of Appeals on a particular issue must seek review in order to preserve the matter for Kansas Supreme Court review. *State v. Ward*, 292 Kan. 541, 580, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012) (issue not raised in petition for review deemed abandoned); *Shirley v. Smith*, 261 Kan. 685, 696-97, 933 P.2d 651 (1997) (discussing party's failure to file a cross-petition for review); see Supreme Court Rule 8.03(c)(3) (2012 Kan. Ct. R. Annot. 74) ("[A] response must be confined to argument that replies to issues presented in the petition or cross-petition for review or provides alternative grounds for affirming the decision of the Court of Appeals."). Therefore, this attorney fee issue is not properly before this court. See Rule 8.03(a)(4)(C), (b)(1) (requiring issues to be considered on petition for review to be listed).

American Family also claims the Court of Appeals erred in awarding appellate attorney fees for work done in *Snider II*. American Family argues that any fees accrued in *Snider II* are "fees on fee" that Snider is not entitled to because he initiated the appeal in *Snider II* and because his unreasonable underlying fee request at the district court level is what initiated the lengthy appellate fee litigation. American Family requests that we reduce or eliminate the *Snider II* appellate attorney fees award.

This argument was first raised in American Family's supplemental brief. Because American Family is asking us to reverse the Court of Appeals' decision rather than to affirm the award, American Family should have also raised this issue in a cross-petition. See Rule 8.03(b), (c)(3). We will not reach the merits of this argument because this argument is not properly before this court. Rule 8.03(a)(4)(C), (b)(1); *Ward*, 292 Kan. at 580.

## CURRENT RULE 7.07(b) MOTION

After oral arguments before this court, on October 31, 2012, Snider timely filed a Rule 7.07(b) motion seeking appellate attorney fees and expenses totaling $84,282.94. These fees and expenses were incurred during all of the appeals in this case, including the appellate work before the Court of Appeals in *Snider I* and *Snider*

*II* and before this court. Because we have already held that the Court of Appeals did not err in denying his request for appellate attorney fees in *Snider I* and have upheld the appellate attorney fee award for *Snider II*, Snider is not entitled to an increase of those awards through his current Rule 7.07(b) motion.

There remains a request for attorney fees related to proceedings before this court, which include the filing of Snider's petition for review and briefs, preparation and presentation of an oral argument, and preparation of his Rule 7.07(b) motion. He seeks $20,002.50 for these fees and $1,153.63 in costs related to those services. Snider also filed a supplemental fee request seeking fees for a reply he prepared to American Family's objection to his Rule 7.07(b) motion in which he seeks an additional $6,165.

As the parties note, this court has held that a prevailing party entitled to an award of attorney fees under a prevailing party statute such as K.S.A. 40-908 is also entitled to fees incurred in the successful defense of an initial fee application—a so called supplemental fee, "fees on fee," or "fees for fee" award—because "[t]he primary purpose of the Kansas fee-shifting statute is to benefit the insured." Given this ultimate purpose, an award of attorney fees incurred as the result of having "to litigate the fee is collateral and incidental to the primary purpose of indemnifying an insured for the cost of counsel in an action against the insurer." *Moore v. St. Paul Fire Mercury Ins. Co.*, 269 Kan. 272, 279-80, 3 P.3d 81 (2000). Nevertheless, reasonableness of the fee under the factors of KRPC 1.5(a) (2012 Kan. Ct. R. Annot. 492) must be considered. *Johnson*, 281 Kan. at 940. And, while usually no factor is controlling, in prevailing party award cases " ' "the most critical factor is the degree of success obtained" [citation omitted]' " because " 'prevailing party status alone "may say little about whether the expenditure of counsel's time was reasonable in relation to the success achieved." [Citation omitted].' " *Sheila A. v. Whiteman*, 259 Kan. 549, 564-65, 913 P.2d 181 (1996) (quoting *Texas Teachers Assn. v. Garland School Dist.*, 489 U.S. 782, 789-90, 109 S. Ct. 1486, 103 L. Ed. 2d 866 [1989]).

In supplemental fee cases, a party who prevailed on the underlying merits of a case is not automatically entitled to recover attor-

ney fees for all aspects of the supplemental fee litigation. A court considering an award of fees in supplemental fee litigation must "consider the relationship between the amount of the fee awarded and the results obtained." *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 163 n.10, 110 S. Ct. 2316, 110 L. Ed. 2d 134 (1990). Consequently, "fees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation." *Jean*, 496 U.S. at 163 n.10. The United States Supreme Court provided an example, stating that "if the Government's challenge to a requested rate for paralegal time resulted in the court's recalculating and reducing the award for paralegal time from the requested amount, then the applicant should not receive fees for the time spent defending the higher rate." 496 U.S. at 163 n.10; see also *Hensley v. Eckerhart*, 461 U.S. 424, 429-30, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) (discussing guidelines for weighing the results obtained factor in prevailing party attorney fee award, particularly where party prevailed only on some claims).

Thus, a party is only entitled to supplemental fees commensurate with the degree of success achieved in litigating the supplemental fee, and a court should calibrate the fee to account for the degree of success. Where a fee applicant "has achieved only partial or limited success," a court "may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Hensley*, 461 U.S. at 436-37. Applying this guidance to requests for attorney fees related to an appeal in supplemental fee litigation, courts have denied appellate attorney fees if an applicant is unsuccessful on appeal. See, *e.g.*, *Anthony v. Sullivan*, 982 F.2d 586, 590 (D.C. 1993) (applying a "bright-line exclusion of fee reimbursement for unsuccessful aspects of a case," it would be an abuse of discretion to "award[] *any* fee for the unsuccessful appeal" defending an attorney fee award); see also Sisk, *The Essentials of the Equal Access to Justice Act: Court Awards of Attorney's Fees for Unreasonable Government Conduct (Part Two)*, 56 La. L. Rev. 1, 119 (Fall 1995) ("[D]enial of a particular form or aspect of relief occasionally may be attributable to a discrete motion or proceeding, thus allowing the limited success factor to be measured by hours devoted to that effort.").

Here, Snider has not prevailed in the proceedings before this court and is not entitled to fees incurred in appellate proceedings subsequent to the Court of Appeals' decision in *Snider II*.

The judgment of the Court of Appeals reversing the district court is affirmed, and Snider's current Rule 7.07(b) motion requesting appellate attorney fees is denied. This case is remanded with directions to enter judgment against American Family awarding $19,655 in attorney fees and costs related to the district court proceedings and $11,554.79 in attorney fees and $754.79 in costs related to the Court of Appeals' proceedings.

\* \* \*

MORITZ, J., dissenting: I respectfully dissent from the majority's conclusion that Snider's failure to follow the procedural requirements for recovering appellate attorney fees bars his recovery for such fees. First, I would find that because American Family failed to raise this issue either in the trial court on remand of *Snider v. American Family Mut. Ins. Co.*, No. 101,202, 2009 WL 2902588 (Kan. App. 2009) (unpublished opinion) (*Snider I*), or in a cross-appeal to the Court of Appeals in *Snider v. American Family Mut. Ins. Co.*, 45 Kan. App. 2d 196, 244 P.3d 1281 (2011) (*Snider II*), this issue was not properly before the Court of Appeals in *Snider II* and is not properly before this court on petition for review. Further, even if the Court of Appeals properly considered this issue *sua sponte* in (*Snider II*), I would nevertheless find that Snider's failure to file a motion for attorney fees pursuant to Supreme Court Rule 7.07 (2012 Kan. Ct. R. Annot. 66) in *Snider I* did not bar his claim for appellate attorney fees on remand. Instead, I would conclude as did Justice Six in his dissent in *Evans v. Provident Life & Accident Ins. Co.*, 249 Kan. 248, 269, 815 P.2d 550 (1991), that Rule 7.07(b) has no application where, as here, appellate attorney fees are specifically provided for by statute. Rather, Rule 7.07(b) applies only when appellate attorney fees are sought in discretionary situations.

*This issue was not properly before the Court of Appeals.*

Preliminarily, I would not reach this issue as it was not raised by American Family either in the trial court on remand following *Snider I* or in American Family's cross-appeal in *Snider II*.

As the majority points out, the Court of Appeals in *Snider I* reversed the district court's decision and remanded with directions for the district court to enter summary judgment in favor of Snider and to "determine the amount of attorney fees to be awarded to Snider" under K.S.A. 40-908. Slip op. at 5; see 2009 WL 2902588, at *15. On remand, the district court did exactly as mandated, entering judgment and awarding attorney fees and costs to Snider.

And significantly, although on remand Snider sought both attorney fees for work performed in the district court and for work performed on appeal of *Snider I*, American Family did not object to Snider's *request* for appellate attorney fees. Instead, American Family objected only to the *amount* of appellate attorney fees sought by Snider. Similarly, the district court did not find that it was precluded from considering appellate attorney fees. Instead, it found only that Snider's request for appellate fees was unreasonable as to the amount of the request.

Further, although Snider appealed the trial court's ruling regarding appellate attorney fees to the Court of Appeals in *Snider II*, American Family did not cross-appeal from the district court's consideration of appellate attorney fees or suggest that Snider was precluded from seeking attorney fees based on his failure to file a motion for fees in the appellate court in *Snider I*. Instead, American Family waited until filing its response brief in *Snider II* to make that argument.

Despite this failure, the Court of Appeals in *Snider II* addressed the issue and found Snider's failure to file a motion for attorney fees under Rule 7.07 in *Snider I* precluded the district court's consideration of appellate attorney fees on remand. The majority opinion compounds this error by refusing to consider American Family's failure to raise the issue below or failure to cross-appeal. Instead, the majority simply transfers responsibility for these omissions to Snider for failing to raise the waiver of the preservation issue in his petition for review.

Concededly, the majority relies on *Evans* for the proposition that "[c]ivil appellate attorney fees are to be determined only by the appellate court hearing the appeal" and that a party requesting appellate attorney fees must therefore timely file a Rule 7.07(b) motion. Slip op. at 11 (citing *Evans*, 249 Kan. at 265-66).

As discussed below, I do not agree with *Evans'* overly broad statement regarding consideration of appellate attorney fees. But even given that broad holding, *Evans* did not consider whether the failure to file a procedural Rule 7.07(b) motion constitutes a jurisdictional bar for subsequent claims for statutory attorney fees. Nor can I agree with the majority's conclusion that *Evans* put Snider "on notice" that he was required to file a 7.07(b) motion to recover appellate attorney fees in *Snider I*. Slip op. at 14. In fact, this court in *Evans* remanded the case to the Court of Appeals for a determination of appellate attorney fees even *after* concluding that the plaintiff failed to comply with Rule 7.07. 249 Kan. at 265-66.

Because American Family failed to challenge the district court's consideration of appellate attorney fees on remand of *Snider I* and failed to cross-appeal that consideration in *Snider II*, I would find that the Court of Appeals improperly considered whether Snider's failure to file a Rule 7.07(b) motion precluded his claim for appellate attorney fees for *Snider I*.

*Snider was not required to file a Rule 7.07 motion before seeking statutory attorney fees on remand.*

Even if American Family had properly raised the issue, I would nevertheless find that Snider was not barred on remand of *Snider I* from seeking appellate attorney fees as specifically permitted by K.S.A. 40-908.

First, I agree with Snider that the statute specifically contemplates that a fee applicant under K.S.A. 40-908 who did not prevail in district court must first obtain a judgment before being awarded attorney fees, including appellate attorney fees. K.S.A. 40-908 ("[I]n all actions . . . *in which judgment is rendered* against any insurance company . . . the court *in rendering such judgment* shall allow the plaintiff a reasonable sum as an attorney's fee for services in such action including proceeding upon appeal." [Emphasis

added.]). Simply stated, because Snider did not prevail in the district court, no judgment was rendered and no fees could be awarded until after the Court of Appeals reversed the judgment and remanded to the district court for entry of judgment. Thus, it was entirely appropriate for Snider to seek appellate attorney fees in the district court after a judgment was entered on remand.

The majority seeks to reconcile this language with its result by pointing out that under the "mandate rule," any decision on attorney fees rendered by the Court of Appeals would be controlling in, and a part of, the district court judgment on remand. While I do not necessarily disagree with the majority's conclusion, I do not agree with its corresponding implication—*i.e.*, that filing a Rule 7.07 motion on appeal and having an appellate court include appellate attorney fees in the mandate is the *only* way in which a district court may comply with the statute's directive to award appellate attorney fees after judgment. Instead, I would hold that nothing about K.S.A. 40-908 or Rule 7.07(b) precludes a party who did not prevail in the district court from seeking consideration of appellate attorney fees following remand and entry of judgment by the district court.

Relying on *Evans*, the majority concludes that appellate attorney fees can *only* be decided by an appellate court after a Rule 7.07 motion. But I would find, as did two dissenting justices in *Evans*, that Rule 7.07(b) was intended only to formalize the practice which had developed in the appellate courts for awarding attorney fees when appellate attorney fees were not statutorily specified:

"The phrase [in K.S.A. 40-256] 'including proceeding upon appeal' was added by the legislature in 1967. L. 1967, ch. 257, § 1.

"The majority opinion discusses Rule 7.07 (1990 Kan. Ct. R. Annot. 37).

"Rule 7.07 was amended in 1989 to add current subsection (b) relating to the award of attorney fees for services on appeal in any case in which the trial court had authority to award attorney fees. Prior to the 1989 amendment, subsection (b) addressed frivolous appeals only.

"Before the Supreme Court's 1989 amendment to Rule 7.07, the Court of Appeals had held in *Vogel v. Haynes*, 11 Kan. App. 2d 454, 457-58, 730 P.2d 1096, *rev. denied* 240 Kan. 806 (1986), and in *Stafford v. Karmann*, 2 Kan. App. 2d 248, 252, 577 P.2d 836 (1978), that it had authority on appeal to award fees for appellate work to carry out the intent of the statute involved in each case.

*Karmann* related to mandatory awarding of fees in automobile negligence actions under what is now K.S.A.1990 Supp. 60-2006. *Haynes* concerned mandatory awarding of fees under K.S.A. 61-2701 *et seq.*, the Kansas Small Claims Procedure Act.

"K.S.A.1990 Supp. 60-1610(b)(4) relates to costs and fees in domestic actions. Under that statute, the trial court may award attorney fees, in its discretion, based on justice or equity. Although attorney fees were requested in *In re Marriage of Arndt*, 239 Kan. 355, 357, 719 P.2d 1236 (1986), we held the appeal (involving a property settlement agreement in a divorce case) was not frivolous and, consequently, under Rule 7.07(b) attorney fees for services on appeal could not be awarded.

"In my view, the 1989 amendment to Rule 7.07 was effected to clarify and authorize a procedure for attorney fees for appellate work in discretionary situations.

. . . .

"The legislature, under the American rule, has provided in K.S.A. 40-256 for attorney fees in certain actions against insurance companies. K.S.A. 40-256 was specifically amended in 1967 to provide for appellate fees.

"I would follow the statute and shorten the trip for the parties with a one-stop disposition at the trial court level." 249 Kan. at 268-69 (Six, J., dissenting).

I would conclude, as did Justices Six and Lockett in *Evans*, that when a statute specifically provides for appellate attorney fees, the legislature did not intend to require the filing of a Rule 7.07(b) motion or a complicated "post-appeal travel schedule" related to attorney fees. 249 Kan. at 268 (discussing "unique double remand" procedure developed by the majority for consideration of appellate attorney fees).

Instead, in K.S.A. 40-908, the legislature has provided for a "one-stop" shop in the district court for attorney fees. See 249 Kan. at 269. We should permit Snider to take advantage of that opportunity, without creating roadblocks and procedural hurdles along the way. This simplified approach would give effect to the statutory language of K.S.A. 40-908 and would not do harm in those cases in which attorney fees are discretionary rather than mandatory, requiring filing of a Rule 7.07(b) motion.

JOHNSON, J., joins in the foregoing dissent.