NOT DESIGNATED FOR PUBLICATION

No. 117,664

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of
TARYN SMITH,
*Appellee*,

and

JAROM J. SMITH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lyon District Court; JEFFRY J. LARSON, judge. Opinion filed March 9, 2018. Affirmed.

*Jarom J. Smith*, appellant pro se.

*Deborah A. Huth*, of Atherton & Huth Law Office, of Emporia, for appellee.

Before POWELL, P.J., GREEN, J., and HEBERT, S.J.

PER CURIAM: Jarom Smith filed several pro se motions, including a motion for modification of child custody and a motion for modification of child support. He sent his ex-wife, Taryn Smith, a request for production of documents and interrogatories. When Taryn hired an attorney to respond to Jarom's requests, she incurred an attorney bill over $6,000. The district court ordered Jarom to pay $1,500 of Taryn's attorney fees. Jarom appeals this order. Because the district court had the authority and discretion to order Jarom to pay attorney fees under K.S.A. 2017 Supp. 23-2715, we reject Jarom's argument. Accordingly, we affirm.

1

Jarom and Taryn Smith divorced in September 2007. Together they had one child, Isaiah. During the divorce hearing, the district court ruled that Isaiah would live with Taryn, and Jarom would have supervised visits at the Kansas Child Visitation and Exchange Center in Emporia, Kansas. Jarom was also ordered to pay child support.

In August 2016, Jarom moved pro se seeking modification of child support. Then in September, he sent Taryn a request for production of documents relating to her finances, such as her 2015 tax return, employment information, and other documents relating to her savings and checking accounts.

That same month, Jarom filed another motion seeking to modify his parenting time and custody of Isaiah, as well as a motion seeking to enforce his parenting time and a motion seeking to have the court replace his son's counselor.

The district court denied Jarom's motion seeking to change Isaiah's counselor. Then the court set a date for a hearing on Jarom's motions to modify custody and child support, but it warned Jarom that he could be ordered to pay attorney fees if his motions were meritless, and the court suggested that Jarom hire an attorney.

Jarom decided to proceed without an attorney, and he sent Taryn interrogatories to prepare for the hearing on child support. He requested information regarding her educational background and financial resources. Taryn moved to quash those interrogatories, as well as a motion to quash Jarom's requests for production of her financial documents. The district court granted Taryn's motions in part.

In December 2016, the district court held a pretrial hearing on Jarom's motion to enforce parenting time, motion to modify child support, and motion for change in custody. At this hearing, the court again warned Jarom he would have to pay attorney

fees if it ruled against his motion to modify custody. The court noted that it was unlikely Jarom would be successful with his motion since Isaiah's therapist had not recommended a change. Jarom ultimately chose to withdraw his motion to modify custody, but the court granted his motion to modify child support.

Taryn then filed a motion with the court seeking reimbursement for attorney fees she had incurred responding to Jarom's motions. Taryn's attorney filed an affidavit showing attorney fees totaling $6,436. The court granted Taryn's motion in part, awarding her $1,500 in attorney fees.

In its order, the court explained that Taryn incurred increased attorney fees defending Jarom's motions, which could have been avoided had he hired an attorney. But because Jarom "wisely" chose to abandon his child custody motion, the court ordered Jarom to pay only a portion of the fees.

*Did the District Court Err by Ordering Jarom to Pay a Portion of Taryn's Attorney Fees?*

Jarom argues that the district court erred by ordering him to pay $1,500 in attorney fees.

A district court may not award attorney fees unless the award is authorized by statute or by agreement of the parties. *Snider v. American Family Mut. Ins. Co.*, 297 Kan. 157, 162, 298 P.3d 1120 (2013); *Richardson v. Murray*, 54 Kan. App. 2d 571, 581, 402 P.3d 588 (2017). Whether the district court had the authority to award attorney fees is a question of law over which this court has unlimited review. *Snider*, 297 Kan. at 162; *Richardson*, 54 Kan. App. 2d at 581. A district court's award of attorney fees should be reversed only if the court abused its discretion in awarding the fees. *Snider*, 297 Kan. at 169; *Richardson*, 54 Kan. App. 2d at 581. A district court abuses its discretion when no

reasonable person would agree with its decision or the decision is based on a legal or factual error. *Snider*, 297 Kan. at 169.

Under K.S.A. 2017 Supp. 23-2715, a district court has the authority to award costs and attorney fees to either party to a divorce case if the award would be required to achieve "justice and equity." This authority has been extended to postdivorce proceedings where a parent seeks to modify child custody orders from the divorce. *Dunn v. Dunn*, 3 Kan. App. 2d 347, Syl. ¶ 2, 595 P.2d 349 (1979) (construing identical language in predecessor statute, K.S.A. 60-1610); see *In re Marriage of Langley*, No. 115,829, 2017 WL 1534853, at *7 (Kan. App. 2017) (unpublished opinion); *In re Marriage of Russom*, No. 112,930, 2015 WL 5009951, at *4 (Kan. App. 2015) (unpublished opinion); *In re Marriage of Katona*, No. 109,429, 2014 WL 1612458, at *14 (Kan. App. 2014) (unpublished opinion). Indeed, panels from this court have interpreted this provision to apply generally to "family law cases." See *In re Marriage of Silliman*, No. 117,373, 2017 WL 4455300, at *7 (Kan. App. 2017) (unpublished opinion).

The district court did not specify the authority it relied on when it awarded attorney fees. But the court explained that Jarom's refusal to hire an attorney to help with his motions for change in custody and child support caused Taryn's attorney fees to increase. Since Taryn incurred her fees in proceedings related to the divorce, K.S.A. 2017 Supp. 23-2715 authorized the district court to award attorney fees in this case.

Jarom first argues that the district court could not award attorney fees to Taryn because she did not certify that she tried to resolve discovery issues with him in good faith before filing a motion to quash the discovery requests. Jarom bases his claim on K.S.A. 2017 Supp. 60-226(c), which states a party must include a certification that it attempted in good faith to resolve discovery issues with the other party before seeking a protective order from the court. But Taryn did not seek a protective order in this case, so no certification was required.

4

Jarom also argues that the court was mistaken as to the number of requests for documents he made. When the court settled some discovery issues arising from Jarom's request for production of documents and interrogatories from Taryn, the court stated that Jarom "filed a lengthy request for production of documents containing 33 requests." Jarom argues that there were really only 12 requests—he mistakenly sent Taryn one version containing 33, but the version he filed with the court only had 12. But this mistake only supports the district court's reasoning—if Jarom had hired an attorney, he could have avoided his mistakes, as well as Taryn's increased attorney fees. As a result, Jarom's argument fails.

*Should This Court Award Taryn Attorney Fees on Appeal?*

After the briefs were filed in this appeal, Taryn filed a timely motion with this court, asking for attorney fees for the costs she incurred defending against Jarom's appeal. Taryn's attorney submitted an affidavit detailing her fees at an hourly rate of $200, for a total of $1,781.46.

Taryn requests attorney fees under Supreme Court Rule 7.07(b)(1) (2018 Kan. S. Ct. R. 50) which allows this court to award attorney fees for services on appeal in a case where the district court had the authority to award attorney fees. In a family law case, the district court may award attorney fees to either party "as justice and equity require." K.S.A. 2017 Supp. 23-2715. Since the district court had authority to grant attorney fees, this court has authority to award attorney fees for services on appeal. See *In re Marriage of Silliman*, 2017 WL 4455300, at *8.

This court has the discretion to decide whether to grant Taryn's motion. See *In re Marriage of Langley*, 2017 WL 1534853, at *9 (deciding not to grant motion for attorney fees on appeal because both parties equally able to bear costs).

5

According to the affidavit and billing statement that Taryn submitted with her motion, her lawyer billed $1,781.46 working on this appeal, at a rate of $200 per hour. When determining the appropriate amount to award to a party, we consider the eight factors listed in the Kansas Rules of Professional Responsibility, Rule 1.5 (2018 Kan. S. Ct. R. 294), for determining reasonable attorney fees:

"(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

"(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

"(3) the fee customarily charged in the locality for similar legal services;

"(4) the amount involved and the results obtained;

"(5) the time limitations imposed by the client or by the circumstances;

"(6) the nature and length of the professional relationship with the client;

"(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

"(8) whether the fee is fixed or contingent."

In other cases involving attorney fees arising from child custody disputes, this court has found rates similar to those Taryn's attorney charged to be reasonable. See *Silliman*, 2017 WL 4455300, at *8 (finding bill for $3,980 at $225 per hour rate reasonable); *Ragain v. Basu*, No. 115,877, 2017 WL 2714924, at *10 (Kan. App. 2017) (unpublished opinion) (finding bill for $9,297.50 at rate of $275 per hour reasonable). Thus, we award attorney fees to Taryn in the amount requested, $1,781.46.

Affirmed.