NOT DESIGNATED FOR PUBLICATION

No. 123,667

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

RONALD G. SEIBEL,
*Appellant*,

v.

DONALD D. SEIBEL and JUDY SEIBEL,
*Appellees*.

MEMORANDUM OPINION

Appeal from Butler District Court; DAVID A. RICKE, judge. Opinion filed June 10, 2022. Affirmed.

*Terry L. Malone*, of Martin, Pringle, Oliver, Wallace & Bauer, L.L.P., of Wichita, for appellant.

*Derek S. Casey*, of Triplett Woolf Garretson, LLC, of Wichita, for appellees.

Before ATCHESON, P.J., POWELL and WARNER, JJ.

PER CURIAM: This is a land-partition dispute between two brothers, Ronald and Donald Seibel. Ronald sued to partition land they commonly owned, and court-appointed commissioners divided it into two equal tracts. Over Donald's objection, Ronald asked the district court to adopt this division, assuring the court that the commissioners had divided the land equally and that either party should accept either tract. The district court granted Ronald's request, though it gave Donald the first chance to select a tract. After Donald made his selection, Ronald changed his mind and indicated he wanted the tract Donald had chosen. The district court rejected Ronald's attempt to reopen the issue and assigned him the remaining tract.

1

Ronald now appeals, arguing the district court did not comply with the partition statute. But we do not reach his statutory arguments because principles of equity and Kansas law prohibit Ronald from challenging the district court's ruling when he advocated for—and induced the court to reach—that outcome. We thus affirm the district court's partition decision.

FACTUAL AND PROCEDURAL BACKGROUND

Ronald and Donald, who both reside outside of Kansas, co-owned five parcels of land in Butler County as tenants in common. In 2019, Ronald filed a lawsuit against Donald and Donald's wife, Judy Seibel (a/k/a Judy Ishikura), asking the court to partition—or divide—the property equally between them. The district court entered an order of partition and appointed three commissioners to determine whether the five parcels could be divided according to the brothers' undivided one-half interests "without manifest injury or otherwise being impracticable." That is, the commissioners were to determine whether a physical partition—also called a partition in kind—was possible, or whether it would be necessary to sell the property and divide the proceeds.

The commissioners determined that they could partition the land in kind by dividing it into two "reasonably equal" tracts: Tract 1 (containing parcels 1, 2, and 5) and Tract 2 (containing parcels 3 and 4). The commissioners explained that this division accounted for the brothers' one-half interests and would not cause manifest injury or be impracticable.

Ronald moved to confirm the commissioners' report, asking the district court to follow their division. Donald, however, disagreed with the report and filed exceptions, asking the court to hold an evidentiary hearing on whether a partition in kind was possible and to ultimately reject the commissioners' recommendation. According to

2

Donald, the commissioners' division was not equal and, because of the distinct characteristics of each parcel, a partition by sale was necessary.

The district court held a hearing on the parties' motions. At the hearing, the district court asked Ronald's attorney whether Ronald was willing to take either tract established by the commissioners' division. His attorney confirmed that, although Ronald preferred one tract, he thought it was "fair that either side could get . . . either tract." Ronald's counsel indicated that he was "prepared today to have [the court] enter an order and allocate either party to either of the tracts that the commissioners identified."

Later in the hearing, the court granted Ronald's motion to confirm the report and denied Donald's request for an evidentiary hearing. Then, based on Ronald's representation that the tracts were equal, the court allowed Donald 14 days to select the tract of his preference. Ronald did not object to this procedure at the time. Donald ultimately selected Tract 2.

After the hearing and Donald's selection, the parties could not agree on a journal entry memorializing the court's ruling. Donald thus moved to settle the journal entry, and the district court held another hearing. At this point, it became clear that Ronald was having second thoughts—he was no longer willing to accept either tract and, like his brother, wanted Tract 2. Ronald acknowledged that the tracts had equal values and that the court had already awarded Tract 2 to Donald. But Ronald explained that there was a hunting cabin on Tract 2 that he wanted even though it had little economic value. Thus, Ronald requested an "opportunity to make an argument that he should be allowed to have" that tract. Ronald later reiterated that he wanted the opportunity "to make an equitable argument" as to why he should receive Tract 2.

The district court explained that it had ruled on the issue at the hearing on Ronald's motion to confirm the commissioners' report several months earlier. And the court

3

confirmed that its ruling on that motion was based on Ronald's representation that he would accept either tract. Thus, the court entered a journal entry partitioning the land and giving Tract 1 to Ronald and Tract 2 to Donald. Ronald now appeals.

## DISCUSSION

In his appeal, Ronald asserts the district court failed to follow the procedures of Kansas' partition statute, K.S.A. 60-1003, when it divided the tracts between the brothers. In particular, Ronald asserts that the district court should have required the commissioners to determine which brother should receive which tract. And he asserts that the court erred when it awarded the tracts without an evidentiary hearing.

Donald responds on multiple fronts. He contends this court lacks jurisdiction because Ronald received the relief he sought below—an order confirming the commissioners' report—and thus has not suffered an injury from the challenged conduct. Donald thus asserts that Ronald has no standing to bring this appeal. During oral argument, Donald expanded this claim somewhat by asserting that Ronald should be estopped from making the arguments he now raises, as the district court followed Ronald's proposed course and granted his motion to confirm the report. Finally, Donald argues the district court's actions were consistent with the partition statute.

Because standing is a jurisdictional requirement, we must first consider this threshold issue before turning to the parties' other claims. See *Gannon v. State*, 298 Kan. 1107, 1122, 319 P.3d 1196 (2014). Under the Kansas Constitution, courts can only hear justiciable cases and controversies. *State ex rel. Morrison v. Sebelius*, 285 Kan. 875, 896, 179 P.3d 366 (2008). As part of this requirement, a party seeking relief must have standing—that is, the party must have a "'right to make a legal claim or seek judicial enforcement of a duty or a right.'" *In re Adoption of T.M.M.H.*, 307 Kan. 902, 908, 416 P.3d 999 (2018) (quoting *KNEA v. State*, 305 Kan. 739, 746, 387 P.3d 795 [2017]).

4

Usually, this means that the person must have suffered a "cognizable injury" that can be remedied in some fashion by the courts. *KNEA*, 305 Kat. at 746. In other words, "'a party must establish a personal interest in a court's decision and that he or she personally suffers some actual or threatened injury as a result of the challenged conduct.'" *Gannon*, 298 Kan. at 1123. Because a party's standing or lack of standing concerns the courts' jurisdiction to hear the case, it may be considered at any time. *In re L.L.*, 315 Kan. 386, 390, 508 P.3d 1278 (2022).

Applying these principles here, we easily conclude that Ronald has standing to bring this appeal. It is true that the district court granted Ronald's motion to confirm the commissioners' report, and he did not object to any of the district court's actions or rulings at the hearing on that motion—presumably because the district court ruled in his favor. But after that hearing, Ronald changed his mind and indicated he preferred Tract 2. This change led to a second hearing where Ronald explained he was no longer willing to let Donald make the first selection and requested further proceedings. The district court rejected this request, ruling in essence that Ronald would not get the tract he then requested. This is the order Ronald challenges on appeal.

But while Ronald has standing to present his claims, there are equitable reasons why we do not reach their merits. We cannot turn a blind eye to the fact that Ronald had a chance to express which tract he preferred or to acquiesce to Donald's request for an evidentiary hearing. But he did not. Instead, he asked the district court to adopt the commissioners' recommendation and indicated he would accept either tract. He effectively invited the court to permit Donald to make the first selection and now assails the court for doing just that.

Kansas courts have long recognized at least two equitable doctrines that prevent a party from taking the path Ronald has here—leading the court down one path and then challenging that path in later proceedings.

- *First*, the doctrine of judicial estoppel "'prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase.'" *State v. Hargrove*, 48 Kan. App. 2d 522, 549, 293 P.3d 787 (2013) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749, 121 S. Ct. 1808, 149 L. Ed. 2d 968 [2001]). Under this principle, a party cannot take one position, inducing a court to make a certain ruling, and then take a contrary position later in the same case "'simply because his interests have changed.'" *New Hampshire*, 532 U.S. at 749; *Hargrove*, 48 Kan. App. 2d at 548-49.

- *Second*, the invited-error doctrine "precludes a party from asking a district court to rule in a given way and then challenging that ruling on appeal." *State v. Douglas*, 313 Kan. 704, Syl. ¶ 1, 490 P.3d 34 (2021). There is no bright-line rule for applying invited error, but the "party's actions inducing a court to make the claimed error and the context in which those actions occurred must be scrutinized to decide whether to employ the doctrine." 313 Kan. at 707.

While related, judicial estoppel and invited error are distinct. Both doctrines "seek to protect the fairness of the process by requiring an advocate to adhere to an argument that has caused the court to act in a particular way." *Hargrove*, 48 Kan. App. 2d at 549. But judicial estoppel simply requires parties to maintain consistent positions, while invited error "prevents a more destructive practice—a party claiming the trial court committed reversible error by acting in the very manner that the party advocated." 48 Kan. App. 2d at 549.

Despite these differences, both doctrines apply in this case. At the first hearing before the district court, Ronald argued that the court should confirm the commissioners' partition of the property and opposed Donald's request for an evidentiary hearing. Ronald indicated that he was prepared to have the court "enter an order and *allocate either party*

6

*to either of the tracts* that the commissioners identified." (Emphasis added.) The court denied Donald's request for an evidentiary hearing, granted Ronald's motion to confirm the partition, and followed Ronald's recommendation that either party could receive either tract. Put another way, Ronald induced the district court to grant his motion, in part because of this assurance that he would accept either tract, but later took a contrary position by stating he was no longer willing to accept Tract 1. This change occurred simply because his interests changed—at some point after the hearing, Ronald decided he wanted the tract that Donald had selected.

On appeal, Ronald asserts that the district court erred when it followed the course for which he had previously advocated. And he asserts that though the partition resulted in two tracts of equal value, Kansas law required the court to hold an evidentiary hearing on who would receive which tract—a procedure he never requested before this appeal and to which he previously objected. Regardless of whether the district court erred in applying the partition statute, judicial estoppel prohibits these shifting tactics. But even if the district court somehow erred in carrying out its broad equitable authority under K.S.A. 60-1003 (a conclusion we need not reach), Ronald invited any error: He successfully requested that the court rule in a certain way—to confirm the commissioners' report and partition the land in kind, and to award either tract to either party—and now claims that the court erred in doing so.

In sum, Ronald requested and obtained a ruling that he now attacks on appeal because he changed his mind about his preferences or altered his litigation strategy. Kansas courts will not permit such actions. Ronald is bound to accept the remedy for which he advocated, and we decline to address the substance of his arguments in this appeal. We thus affirm the district court's decision.

Following oral argument, Donald filed a timely request for attorney fees under Supreme Court Rule 7.07(c) (2022 Kan. S. Ct. R. at 51). This provision allows an

appellate court to assess "the cost of reproduction of the appellee's brief and a reasonable attorney fee for the appellee's counsel" when it finds that an appeal has been taken frivolously, or for the purposes of harassment or delay. Rule 7.07(c) (2022 Kan. S. Ct. R. at 52). After reviewing Donald's motion and Ronald's response, we partially grant Donald's request.

A frivolous appeal is "'[o]ne in which no justiciable question has been presented'" and is "'readily recognized as devoid of merit in that there is little prospect that it can ever succeed.'" *McCullough v. Wilson*, 308 Kan. 1025, 1037, 426 P.3d 494 (2018). Ronald argues that his appeal does not meet these criteria, as the question of whether the district court complied with the partition statute is not frivolous and requires resolution. The problem with Ronald's claim, as we have discussed, is that he did not present it to the district court. Instead, he led the court to its decision, only disputing the outcome after the district court ruled. Ronald's actions thus preclude us from considering his arguments on appeal. In these circumstances, we conclude that an award of attorney fees under Supreme Court Rule 7.07(c) is warranted.

Donald has sought attorney fees in the amount of $9,927 for his counsel's actions during this appeal. Ronald has not contested this amount, only asserting that no fee should be granted. But this court has an independent duty to consider whether that amount of fees requested is reasonable. See *In re Estate of Oroke*, 310 Kan. 305, 318-19, 445 P.3d 742 (2019); see also *Snider v. American Family Mut. Ins. Co.*, 297 Kan. 157, 168, 298 P.3d 1120 (2013) ("[O]nly the Court of Appeals [can] consider the reasonableness of the appellate fees related to the proceedings before the Court of Appeals."). In doing so, we review the factors under Kansas Rule of Professional Conduct 1.5(a) (2022 Kan. S. Ct. R. at 333). *In re Estate of Oroke*, 310 Kan. at 319.

While we appreciate that the efforts of Donald's counsel were necessitated by Ronald's appeal, we are similarly mindful that some efforts—including early questions

regarding appellate jurisdiction and Donald's continued arguments regarding standing—were neither required nor successful. Moreover, our decision in this case is motivated primarily by judicial estoppel and invited error—iterations of legal questions that only came to fruition during oral argument. In light of these considerations, we find that an attorney fee of $7,000—not $9,927—is reasonable in this case. We therefore grant Donald's motion in part and award him $7,000 in attorney fees to be paid by Ronald.

Affirmed.